R. J. M. BARBER v. R. M. ROSEBORO.

*Judge's Charge—Exception to.*

1. Where the assignment of error to the Judge's charge to the jury, was " that the appellant excepted to the whole charge and especially to the instruction on the third issue;" *It was held,* that such assignment of error was improper.

2. Where there is no evidence to prove the affirmative of an issue, it is not error for the Judge to so charge the jury.

BARBER *v.* ROSEBORO.

CIVIL ACTION, tried before *MacRae, Judge,* at February Term, 1886, of ROWAN Superior Court.

There was a judgment for the defendant, and the plaintiff appealed.

No counsel for the plaintiff.
*Mr. Theo. F. Klutz,* for the defendant.

MERRIMON, J. The case settled upon appeal states, that "the plaintiff excepted generally to the whole charge, and especially to the instruction given upon the third issue."

Error cannot thus be assigned as to the whole charge— it must be specified with reasonable certainty, and designate the particular part or parts of the charge to which there is objection.

We think the instruction given the jury as to the third issue was correct. The inquiry was: "Did the defendant wrongfully discharge the plaintiff?" So far as appears, all the evidence bearing upon it tended to prove that the defendant did not discharge the plaintiff; but another person—a sub-contractor—did, the defendant objecting. The Court might, therefore, properly tell the jury, that "on this testimony, you will be obliged to hold that defendant did not wrongfully discharge him." If there was no evidence tending to prove the affirmative of the issue, the Court might so instruct the jury, and tell them that they ought to render a verdict in the negative.

The judgment must therefore be affirmed.

No error.                                            Affirmed.