A. U. WOODBURY v. W. E. EVANS.

(Decided May 17, 1898).

*Action to Recover Purchase Price of Land—Vendor and Vendee—Contract Relating to Land—Fraudulent Representations—Shortage—Duty of Purchaser of Land—Directing Verdict—Best Evidence—Amendment of Pleadings.*

1. In all contracts for the sale of land it is the duty of the purchaser to guard himself against defects of title, quantity, encumbrance and the like, and if he suffer loss by his negligence the law will afford him no remedy, unless he has been misled by the fraudulent representations of the bargainor.

2. In the trial of an action for the balance due on a contract for the purchase of land, standing timber and machinery in a lump, in which the number of acres of land to be conveyed was not mentioned, the gist of the defence was the fraudulent representations of the bargainor; *Held,* that it was not error to refuse to submit to the jury the question of shortage in the acreage since that was immaterial in the absence of fraud.

3. Where, in the trial of an action for the balance due on a contract for the purchase of land, an issue of fraud was submitted and there was no evidence to sustain it, it was proper for the trial judge to direct the jury to answer the issue in the negative if they believed the evidence.

4. It is not competent to prove by parol the existence of older and superior titles to land, since the grants and titles themselves are the best evidence.

5. After the close of the evidence on the trial of an action for the recovery of the balance due for the purchase of land, the defendant moved to dismiss because the complaint did not allege the plaintiff's ability, readiness and willingness to make the deed set out in the contract and to tender the same. The plaintiff was then allowed to amend his complaint so as to contain those averments. *Held,* that the allowance of the amendment was within the discretion of the Court (Clark's Code, Section 273).

CIVIL ACTION tried before *Norwood, J.,* and a jury at Fall Term, 1897, of CHEROKEE Superior Court. The facts appear in the opinion. There was a judgment for the plaintiff and the defendant appealed.

Mr. *J. W. Cooper* for plaintiff.
Mr. *G. S. Ferguson* for defendant (appellant).

CLARK, J.: The contract set out in the complaint and admitted in the answer was for the purchase of land, standing timber and machinery in a lump. It was not a purchase by the acre, and as to only one tract was the number of acres even mentioned. The gist of the defence rests upon the allegation of fraudulent representations, and the issue submitted, "Were the defendants

induced to enter into the contract, attached to the complaint, by means of false and fraudulent representations made to them by the plaintiff as alleged in the answer?" presented fully the defendant's contention. The Court properly declined an issue as to a deficit in the number of acres though alleged in the answer because if shown upon a contract such as this, it would have been immaterial unless fraud had been proved, and at most it would be merely evidential matter tending with other proof to show fraud. But there was no proof of a shortage, nor of fraud, and his Honor properly told the jury that if they believed the evidence to answer the issue "No." *Barber* v. *Roseboro*, 97 N. C., 192; *Chemical Co.*, v. *Johnson*, 101 N. C., 223; *Purifoy* v. *Railroad*, 108 N. C., 100.

This is an action to recover the balance due on a contract for the sale of land and the Court says: "In all contracts for the sale of land it is the duty of the purchaser to guard himself against defects of title, quantity, incumbrance and the like; and if he fail to do so it is his own folly, for the law will not afford him a remedy for the consequences of his own negligence. If, however, representations are made by the bargainor which may be reasonably relied upon by the purchaser and they constitute a material inducement to the contract, and are false within the knowledge of the party making them, and cause loss and damage to the party relying upon them, and he has acted with ordinary prudence in the matter, he is entitled to relief." *Etheridge* v. *Vernoy*, 70 N. C., 713; *Foy* v. *Haughton*, 85 N. C., 168; *Anderson* v. *Rainey*, 100 N. C., 321. But such state of facts is not shown in this case.

A witness for the defendant was asked, "State if you know whether of your own knowledge any of these

lands embraced in these grants are covered by older and superior grants or titles?" This was properly ruled out. It is not competent to prove by parol that there were older and superior titles. The only competent evidence would be the grants and titles themselves.

The defendant, after the close of the evidence moved to dismiss the action because the complaint failed to allege that the plaintiff, who sued for the balance of the purchase money, was able, ready and willing to make the deed set out in the contract and tender the same. The plaintiff asked leave to amend by making those averments which the Court allowed and consequently denied the motion to dismiss. The leave to amend was within the discretion of the Court. Clark's Code, Section 273 and cases there cited.

No error.