LEONARD A. TEEL AND WIFE, MABEL L. TEEL, v. C. I. JOHNSON AND MRS. C. I. JOHNSON, HIS WIFE.

(Filed 5 November, 1947.)

1. **Ejectment § 15—**

   Answer in a possessory action denying plaintiffs' title imposes the burden of proof on plaintiffs of showing title in themselves.

2. **Ejectment § 17—**

   In an action for possession of real property, plaintiffs' evidence of deed to themselves and *mesne* conveyances covering a period of 12 years, without evidence of title by adverse possession, or a common source of title, is insufficient to overrule defendants' motion to nonsuit.

TEEL v. JOHNSON.

APPEAL by defendants from *Alley, J.,* at March Term, 1947, of RANDOLPH. Reversed.

This was a suit for the possession of a house and lot in Asheboro on allegations of title and wrongful withholding by the defendants. The defendants denied plaintiffs' title and denied that defendants were in the wrongful possession of the property. Defense bond under G. S., 1-111, was given.

On issues submitted to the jury there was verdict that plaintiffs were owners and entitled to the possession of the described property, that defendants were in the wrongful possession, and that plaintiffs were entitled to recover of defendants damages therefor. From judgment on the verdict defendants appealed.

*Smith & Walker for plaintiffs, appellees.*
*J. G. Prevette for defendants, appellants.*

DEVIN, J. The defendants' denial in their answer of plaintiffs' title to the property described in the complaint was sufficient to raise an issue, and to impose upon the plaintiffs the burden of showing title in themselves, in order to maintain their action. On this issue in support of their allegations the plaintiffs offered deed to themselves from Mattie L. Auman, dated 14 January, 1946; deed to Mattie L. Auman from Howard S. Auman and others, heirs of Frank Auman, dated June, 1943; deed to Frank Auman from W. M. Green and wife, dated 1 August, 1938; deed to W. M. Green from Geo. W. Kivett and wife, dated 12 March, 1934. The plaintiff Leonard A. Teel testified that when he and his wife purchased the house and lot in 1946 it was occupied by the defendant Mrs. C. I. Johnson; that he demanded possession and gave her and her husband written notice to vacate. This they refused to do.

There was no evidence of adverse possession of the property on the part of the plaintiffs or those under whom they claim, nor any evidence of title other than the introduction of the deeds mentioned. It is apparent that plaintiffs have failed to offer sufficient evidence to carry the case to the jury on this primary issue, and that defendants' motion for judgment of nonsuit should have been allowed. *Graybeal v. Davis,* 95 N. C., 508; *Mobley v. Griffin,* 104 N. C., 112, 10 S. E., 142; *Prevatt v. Harrelson,* 132 N. C., 250, 43 S. E., 800; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627; *Smith v. Benson,* 227 N. C., 56, 40 S. E. (2d), 451. The denial of defendant's motion for judgment of nonsuit on the evidence offered must be held for error, and the judgment

Reversed.