Processioning proceeding instituted by Mabel Florence Jones on 29 May, 1944, before the Clerk of Superior Court of Watauga County under the provisions of Chapter 38 of the General Statutes of North Carolina, formerly Chapter 9 of the Consolidated Statutes of North Carolina as amended, to determine the true boundary line between the lands of the plaintiff and of the defendants.
Plaintiff alleges in the petition that she is the owner of a certain tract of land in Watauga County (paragraph 2); and that defendants C. G. Hodges and wife, Carrie Hodges, own adjoining land; and that a dispute has arisen between plaintiff and said defendants as to the true location of the boundary line between the said lands of plaintiff and said lands of defendants; and that the true line is as specifically described by her. *Page 747 
Defendants, answering, aver that as to the allegation of ownership by plaintiff, "they are advised and believe that the land described in paragraph 2 of the petition, beginning at a stake and ending at a stake, that said description is void for uncertainty, and therefore, said paragraph is denied." And they admit ownership and possession of a certain specifically described tract of land. And while they "deny that there if any dispute, or at least that there should be any dispute between the plaintiff and the defendants about the boundary line between the land of the defendants and the land claimed by the plaintiff for the reason that both the deed that the defendants claim their property under and the alleged deed that the plaintiff claims her lands under, both call for a State highway leading from the town of West Jefferson to the town of Boone, known as North Carolina Highway No. 221, and running with said highway; and that the defendants are advised and believe and, therefore, allege that each of the adjoining land owners would own said land to the center of the highway."
And defendants deny that "plaintiff owns any land on the east side of the center line of said highway," and further deny the allegation of plaintiff as to her contention as to the true dividing line, and aver "the truth to be that said State highway called for in said deed was laid off and constructed in the year 1925, and that the deed under which the plaintiff claims title was not executed until January 10, 1944, and that at said date said highway as now constructed and located and as was located and constructed in the year 1927 has not been changed; that the deed under which the defendants claim title bears date of June 3, 1927, and calls for said highway as then and as now located, and that there is not and could not be any legal dispute as to the proper location of the boundary line between the plaintiff and the defendants."
It is made to appear in the record that the Clerk of Superior Court — transferred the cause to the Superior Court for trial. In the Superior Court additional persons were made parties plaintiff, and an additional person was made party defendant, etc.
And upon the call of the case for trial in Superior Court the plaintiffs and defendants stipulated and agreed, "that the plaintiffs and defendants C. G. Hodges and Carrie Hodges derive their respective titles from a common source, to wit, from or through Edward Hodges" and "that the lands involved in this action . . . were voluntarily partitioned among the heirs at law and next of kin or their representatives" of Edward Hodges.
On the trial the plaintiffs offered evidence, and when they rested their case the court allowed motion of defendants for judgment as of nonsuit. Plaintiffs appeal therefrom to Supreme Court, and assign error. *Page 748 
A reading of the averments in the answer of defendants in connection with the stipulation of parties entered upon the call of the case for trial in the Superior Court, reveals that defendants do not question plaintiffs' title, and that the only matter in controversy is the location of the dividing line between the lands of plaintiffs and the lands of defendants, that is, the location of the State highway admittedly called for in deeds under which both parties claim. Indeed, the title of plaintiffs is really not in dispute. See Roberts v. Sawyer, 229 N.C. 279,49 S.E.2d 468, and cases cited.
Thus the original purpose of the proceeding to determine the true dividing line between the lands of plaintiffs and the lands of defendants is the sole issue. Therefore, as in processioning proceeding under Chapter 38 of the General Statutes of North Carolina, the cause should not be dismissed as in case of nonsuit. See Cornelison v. Hammond, 225 N.C. 535,35 S.E.2d 633, where the subject has been recently fully discussed and applied in opinion by Barnhill, J.
Hence plaintiffs' exception to the ruling of the trial court in sustaining the motion of defendants for judgment as of nonsuit is well taken, and there must be another trial when the issue may be submitted to and answered by a jury.
Reversed.