HAROLD E. LINDER AND WIFE, IRENE S. LINDER; J. O. TALLY, TRUSTEE FOR HOME FEDERAL SAVINGS & LOAN ASSOCIATION, INC., OF FAYETTEVILLE, N. C.; HOME FEDERAL SAVINGS & LOAN ASSOCIATION, INC., OF FAYETTEVILLE, N. C., v. HERMAN A. HORNE AND WIFE, THELMA S. HORNE; R. H. DYE, TRUSTEE FOR CROSS CREEK BUILDING & LOAN ASSOCIATION; CROSS CREEK BUILDING & LOAN ASSOCIATION.

(Filed 30 January, 1953.)

**1. Boundaries § 6—**

In a processioning proceeding, what constitutes the dividing line is a question of law for the court but the location of the line is a question for the jury under correct instructions based upon competent evidence. When the case is referred, the referee must find the facts in accordance with the law upon competent evidence.

**2. Boundaries § 5a—**

A description must furnish means for identifying the land intended to be conveyed, and therefore a patently ambiguous description is ineffective, but where the description is latently ambiguous it may be made definite and certain by evidence *aliunde* provided the deed itself refers to such extrinsic matter.

**3. Same: Boundaries §§ 3c, 5h—Resort may be had to reversing call and to plat of contiguous tract referred to in deed in order to make description certain.**

The deed in suit called for a corner beginning at the intersection of two roads or streets which had been widened subsequent to the execution of the deed. The terminus of the second call was to a stake in the line of a contiguous tract as shown by a recorded plat. *Held:* The description in the deed was properly made definite and certain by running the line of the contiguous tract so as to establish its terminus at the street, and then by reversing the call in the deed to locate the stake in the line of the contiguous tract constituting a corner, from which the remaining corners could be ascertained.

**4. Boundaries § 3b—**

The fact that the right of way of streets and highways is increased to greater widths than originally laid out has no effect upon the location of the boundaries of the fee in lands adjacent thereto.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Bone, J.*, at May Term, 1952, of CUMBER-LAND.

Processioning proceeding instituted before Clerk of Superior Court of Cumberland County for the establishment of the true dividing line between certain lands of plaintiffs and certain lands of defendants.

The record on this appeal discloses:

I. That the pleadings raise only one issue, that is, as to what is the true dividing line between lands of plaintiffs and lands of defendants as hereinafter respectively described in report of referee.

II. That the Clerk of Superior Court appointed W. R. McDuffie, surveyor, to survey the line or lines according to the contentions of both plaintiffs and defendants, and to make report of same with a map,—which was accordingly done.

III. That the proceeding, having reached the Superior Court at term by appeal of defendants from order of Clerk of Superior Court declaring the true dividing line—the cause was referred by consent of attorneys for the respective parties.

IV. That the referee, on hearings had, received testimony and evidence offered by the respective parties, among which were (1) a new plat prepared by the court-appointed surveyor, W. R. McDuffie, which was marked "Plaintiffs' Exhibit No. 1," and (2) a plat of the W. M. Walker lands,—a print from the recorded plat appearing in Plat Book S #7, page 108, Cumberland County Registry, marked "Defendants' Exhibit No. 1";

V. That the referee in report filed, declared that the principal question raised by this proceeding involves a construction of the deed to the defendants Herman A. Horne and wife,—a question as to whether the property conveyed thereby to Horne should be located with reference to the south margin of the Morganton Road (1) according to the W. M. Walker plat, or (2) as it existed at the time of the conveyance to Horne;

VI. That the referee made the following findings of fact:

"(1) Both the petitioners Harold E. Linder and wife, and the defendants Herman A. Horne and wife claim from a common grantor, to wit, J. Warren Pate and wife.

"(2) Herman A. Horne and wife, Thelma S. Horne, acquired their title to the property in controversy under a deed dated May 27, 1947, . . . filed for record the 19th day of June, 1947, . . . and recorded . . . Cumberland County Registry, which title conveyed the following described property, to wit: 'Being in Cumberland County, 71st Township, and Beginning at the intersection of the southern margin of the Morganton Road and the eastern margin of Grace Street (now Pinecrest Drive) and

runs thence as the eastern margin of Grace Street south 20 deg. west 150 feet to a stake; thence south 70 deg. east 117.52 feet to a stake in the eastern line of the W. M. Walker subdivision shown on plat recorded in Book S, No. 7, page 108, Cumberland County Registry; thence with said line north 13 deg. east 142.79 feet to the southern margin of the Morganton Road; thence with said road margin north 64 deg. and 30' west 99.83 feet to the Beginning, . . .';

"(3) Harold E. Linder and wife . . . acquired their title to the property in controversy under a deed dated June 16, 1947, . . . filed for record July 29, 1947 . . . and recorded . . . which deed conveyed the following property, to wit: 'Being in 71st Township and Beginning at a stake in the eastern margin of Grace Street (now Pinecrest Drive) at a point south 20 deg. west 150 feet from the intersection of the southern margin of Morganton Road and the eastern margin of said Grace Street, said point being the southwest corner of the lot conveyed by J. Warren Pate, et ux, to Herman A. Horne, by deed dated March 27, 1947, and runs with the southern boundary of the Horne lot south 70 deg. east 117.52 feet to a stake in the eastern boundary of the W. M. Walker subdivision of which this lot is a part; thence as said boundary south 13 deg. west 60.07 feet to a stake at the northeast corner of the lot conveyed by Howard H. Jucks and Douglas M. Clark, et ux, to V. L. Lewis by deed recorded in Book 509, page 19, Cumberland County Registry; thence along the northern boundary of the Lewis lot north 70 deg. west 124.36 feet to a stake in the eastern margin of Grace Street north 20 deg. east 59.62 feet to the Beginning . . .';

"(4) On the 10th day of July, 1923, a plat of the W. M. Walker land made by Robert Strange, surveyor, was filed for record in Cumberland County and recorded in Plat Book S #7, page 108, Cumberland County Registry. This plat shows a subdivision of 51 building lots, and the lands in controversy in this proceeding lie within the boundaries of Lots 3 and 4 as shown on said plat. This plat shows the Morganton Road but does not give its width.

"(5) In 1941, the city limits of the City of Fayetteville were extended to include the property in controversy and some time prior to 1941 the State Highway and Public Works Commission of North Carolina acquired a 60-foot right of way for the Morganton Road, but this right of way is not all in actual use. The Morganton Road is paved and the pavement is 20 feet wide with a shoulder and ditch on each side.

"(6) In making his survey, the court-appointed surveyor W. R. Mc-Duffie did not find any markers to indicate where the southern margin of the Morganton Road was and he therefore began his survey at the southeast corner of the property where there were some markers indicating the dividing line between the W. M. Walker property and the land

adjoining it on the south and surveying from these markers he located the southern margin of the Morganton Road according to the W. M. Walker plat at the line 'AB' shown on his (McDuffie's) plat. He also located the southern margin of the Morganton Road according to a 60-foot right of way at the line 'EF,' as shown on his (McDuffie's) plat.

"(7) The name of Grace Street was changed to Pinecrest Drive and this street was widened from 35 feet to 50 feet by taking approximately 7.5 feet off each side prior to the time that the parties to this action received their deeds.

"(8) The deed to Herman A. Horne and wife is the paramount deed in this matter because it was made and recorded prior to the deed to Harold E. Linder and wife, and also because the description of the land in Linder's deed says that it begins at 'the southwest corner of the lot conveyed by J. Warren Pate, et ux, to Herman A. Horne.'

"(9) The deed to Herman A. Horne and wife makes reference to the plat of the W. M. Walker subdivision in the following words, 'thence south 70 deg. east 117.52 feet to a stake in the eastern line of the W. M. Walker subdivision (shown on plat recorded in Book S #7, page 108, Cumberland County Registry); thence with said line north 13 deg. east 142.79 feet to the southern margin of the Morganton Road.'

"(10) If the southern margin of the Morganton Road is located in accordance with the plat of the W. M. Walker subdivision, and if approximately 6.67 feet are taken off the eastern margin of Grace Street, which is accounted for by its being widened subsequent to the filing of the plat of the W. M. Walker subdivision, then the description in the deed to Horne, and the description in the deed to Linder are, in substance, reconciled with each other and with adjoining property, and the line 'CD' shown on the latest plat of W. R. McDuffie, surveyor (Plaintiffs' Exhibit No. 1) is the true location of the dividing line between Horne and Linder. The effect of this, however, is to cause Horne's description to project into the right of way of the Morganton Road as it now exists almost to the hard-surfaced portion thereof.

"(11) The plat prepared by W. R. McDuffie (Plaintiffs' Exhibit No. 1) shows a fence which was erected by defendant Herman A. Horne approximately 2.5 feet south of the line 'CD,' but none of the parties claim that this fence is the true dividing line.

"(12) If the right of way of the Morganton Road is taken as 60 feet wide as of the dates of the deeds in question, and is used as a basis for the description contained in the Horne deed, it would cause the dividing line to come through the Linder residence and a few feet off the northern margin of the Linder residence would be on the Horne property."

The referee then submitted to the court his conclusions of law as follows:

"(1) That the reference in the Horne deed to the W. M. Walker subdivision shown on plat recorded in Book S #7, page 108, Cumberland County Registry, is sufficient to require that this plat be taken into consideration in locating the land conveyed by said deed, including the location of the Morganton Road, as shown on said plat.

"(2) That the location of the Morganton Road, as shown on said plat of the W. M. Walker subdivision, controls in the construction of the deeds to both Horne and Linder.

"(3) That the true dividing line between the Horne property and the Linder property is the line from point 'C' to point 'D,' as shown on the latest plat prepared by W. R. McDuffie, Surveyor. (Plaintiff's Exhibit No. 1.)"

And based upon the foregoing findings of fact and conclusions of law, the referee reports to the court his decision as follows:

"That the true dividing line between the land of Harold E. Linder and wife, Irene S. Linder, and the land of Herman A. Horne and wife, Thelma S. Horne, is the line from point 'C' to point 'D' as shown on the latest plat prepared by W. R. McDuffie, Surveyor. (Plaintiffs' Exhibit No. 1.)"

Defendants Herman A. Horne and wife filed exceptions to the report of referee, substantially as follows:

"Exception 1: To that portion of finding of fact #5, in which the Referee finds as a fact, that all of the 60-foot right of way of the Morganton Road is not all in actual use;" for reasons stated.

"Exception 2: To that portion of finding of fact #10, which reads as follows: (Almost to the hard-surfaced portion thereof)," for reasons stated.

"Exception 3: Is the referee's conclusions of law in that they are not in harmony with the evidence, the findings of fact, or the holdings of the Supreme Court, in point as follows:

"Conclusion of law #1 is in error . . .

"Conclusion of law #2 is in error . . .

"Conclusion of law #3 is in error . . .," all for reasons stated.

"Exception 4: That the findings of the Referee, that the true dividing line between Horne and Linder is line 'C' 'D,' is in error in that it does not harmonize with the evidence in the case nor the holding of the Court, with reference to what constitutes the true boundary line."

"Wherefore, these defendants pray the Court that the report of the Referee be set aside, and that the Court on the evidence and true findings of fact determine as a matter of law that the true dividing line between the petitioners and the defendants be established by ascertaining the location of the southern margin of Morganton Road and the east margin of Grace (now Pinecrest) Street as of the 27th day of May, 1947, the date

on which Horne's deed is dated; and declaring the line on the McDuffie map, G-H, to be the true dividing line between Linder and Horne."

When the cause came on for hearing, and being heard in Superior Court upon exceptions to the Referee's report and findings, both as to law and fact, and after hearing argument of counsel and reviewing the report of the Referee, the presiding judge denied the exceptions to the Referee's findings and conclusions, and confirmed the Referee's report in its entirety, establishing the dividing line as therein set forth and therefore adjudged the true dividing line to be as therein set forth, and ordered and directed the surveyor to run and mark the line as herein adjudged, etc.

Defendants except to the judgment and appeal to Supreme Court assigning as error the action of the court in denying their several exceptions, and confirming the several findings of fact and conclusions of law to which they excepted.

*Thomas H. Williams and J. O. Tally, Jr., for plaintiffs, appellees.*
*G. H. Allran and Robert H. Dye for defendants, appellants.*

WINBORNE, J.  Upon facts found, and approved by the trial court, the location of the true dividing line between the lot of land of petitioners and the lot of land of defendants depends upon the proper location of the lot of land of defendants as described in the deed to them from J. Warren Pate and wife.

In this connection it is settled law in this State that, in a proceeding to establish a boundary line, which is in dispute, what constitutes the dividing line is a question of law for the court, but a controversy as to where the line is must be settled by a jury under correct instructions based upon competent evidence.  *Clegg v. Canady,* 217 N.C. 433, 8 S.E. 2d 246; *Huffman v. Pearson,* 222 N.C. 193, 22 S.E. 2d 440, and cases cited.  See also *Plemmons v. Cutshall,* 234 N.C. 506, 67 S.E. 2d 501.

If the controversy as to location of the dividing line be referred, the facts in respect thereto must be found by the referee in accordance with law and upon competent evidence.

Moreover, decisions of this Court generally recognize the principle that a deed conveying land within the meaning of the statute of frauds must contain a description of the land, the subject matter of the deed, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the deed refers.  The office of description is to furnish, and is sufficient when it does furnish means of identifying the land intended to be conveyed.  Where the language used is patently ambiguous, parol evidence is not admissible to aid the description.  But when the terms used in the deed leave it uncertain what property is intended to be embraced in it, parol evidence is admissible to fit the de-

scription to the land. Such evidence cannot, however, be used to enlarge the scope of the descriptive words. The deed itself must point to the source from which evidence *aliunde* to make the description complete is to be sought. See *Self Help Corporation v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889, where the authorities are cited. See also *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593; *Plemmons v. Cutshall, supra.*

In the light of this principle applied to the deed to defendants it is seen: (1) That the description begins "at the intersection of the southern margin of the Morganton Road and the eastern margin of Grace Street (now Pinecrest Drive)," the location of which is in and of itself indefinite and uncertain; (2) That the terminus of the first call is a stake, an uncertain designation; (3) That the terminus of the second call is "a stake in the eastern line of the W. M. Walker subdivision shown on plat recorded in Book S #7, page 108, Cumberland County Registry." This is certain only to the extent of the line called for. It is uncertain as to location of the stake in the line; (4) That the third call is "thence with said line north 13 deg. west 142.79 to the southern margin of the Morganton Road." This call has in and of itself an uncertain terminus. However, the findings of fact and the accompanying plat of the W. M. Walker subdivision disclose that by adverting to the recorded plat of the W. M. Walker subdivision, and running from the marked southeast corner of the Walker property the southern margin of the Morganton Road as well as the eastern line of Grace Street, as same are shown on the plat, can be located. Therefore, by running the eastern line of the subdivision, the terminus of the third call, of the description in the deed to defendants, can be determined and fixed. Then by reversing the calls from this corner, the beginning corner can be ascertained, and made certain; and then the lines run from it in accordance with the calls. "The general rule is that in order to locate a boundary, the lines should be run with the calls in the regular order from a known beginning, and the test of reversing in the progress of the survey should be resorted to only when the terminus of a call cannot be ascertained by running forward, but can be fixed with certainty by running reversely the next succeeding line." *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673, and cases cited. See also *Plemmons v. Cutshall, supra.*

Therefore, it seems clear that the intent of the grantors in the deed to defendants was to invoke the aid of the plat of the W. M. Walker subdivision to make certain a description, which without it would be uncertain and void.

Hence, the facts found and the conclusions of law made by the referee, and approved by the court, lead to the decision that the true dividing line in question is properly located. Moreover, the fact that the rights of way of the Morganton Road, and of Grace Street have been extended to

greater widths than as originally laid out, has no effect upon the location of the boundaries of the fee in lands adjacent thereto.   The case of *Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603, relied upon by defendants, is distinguishable in factual situation.

All assignments of error have been duly considered, and error is not made to appear.

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.