MARY DELL SIDBURY SKIPPER AND HUSBAND, N. R. SKIPPER; K. C. SIDBURY, ELIJAH B. WILLIAMS AND WINSTON WILLIAMS, AND OTHERS, THE HEIRS AT LAW OF THE LATE ELIJAH B. WILLIAMS, PETITIONERS, v. E. L. YOW AND WIFE, MRS. E. L. YOW.

(Filed 25 November, 1953.)

**1. Ejectment § 17—**

Where plaintiffs claim through collateral heirs of the common ancestor but fail to introduce evidence that such ancestor died intestate or that he left no lineal descendants, there is a fatal *hiatus* in plaintiffs' proof, and nonsuit is proper.

**2. Evidence § 43a—**

Recitals contained in a deed in fee simple, as that grantor was unmarried, are mere self-serving declarations and are not evidence.

**3. Ejectment § 17—**

Ordinarily, plaintiff must fit the description contained in the deeds under which he claims to the land claimed by evidence *dehors* the deeds, since rarely, if ever, does a deed prove itself.

APPEAL by plaintiffs from *Grady, Emergency Judge,* June Special Term, 1953, ONSLOW. Affirmed.

Plaintiffs filed a petition for partition in which they allege that they and the defendant E. L. Yow and certain other parties own, as tenants in common, a certain tract of beach land in Onslow County which adjoins the Gray-Hardison tract owned by defendant E. L. Yow. The land claimed is described by metes and bounds and contains 356 acres, more or less. In their petition they do not allege the interest owned by the individual plaintiffs. They merely allege that plaintiffs as a group own a $1\frac{7}{48}$ undivided interest.

Defendants filed an answer in which they deny that plaintiffs are seized and possessed of any interest whatsoever in the land described in the petition and allege further that defendant E. L. Yow is the sole owner thereof.

The plea of sole seizin having been interposed by defendants, the cause was transferred to the civil issue docket for the trial of the issue thus raised. The *feme* defendant is joined as a party defendant by reason of her dower initiate, and so the real party in interest—E. L. Yow—will hereafter be referred to as the defendant.

When the cause came on for trial in the court below, plaintiffs offered in evidence certain registered deeds of conveyance to show title in them and in defendants, stemming from a common source. The initial motion for judgment of nonsuit was overruled. Thereupon, defendant offered the deeds which he contends constitute his record chain of title. He likewise undertook to identify the land in controversy as the identical land described in his deeds, or at least one of them, and to prove actual possession of the land by him and his predecessors in title over a long period of time.

The Federal Government had possession for an undisclosed number of years. Plaintiffs made no claim against the Government. Defendant, on the other hand, offered evidence tending to show that he and his predecessors in title collected rent therefor, paid the taxes thereon, and when the Government abandoned the property, defendant purchased the buildings and other structures erected thereon by the Government.

At the conclusion of the testimony, the court, on motion of defendant, entered judgment dismissing the action as in case of involuntary nonsuit. Plaintiffs excepted and appealed.

*James & James, Nere E. Day, Jr., and Nere E. Day for plaintiff appellants.*

*Poisson, Campbell & Marshall, John J. Burney, Jr., Albert J. Ellis, and A. Turner Shaw for defendant appellees.*

BARNHILL, J. It is difficult for us to determine whether the deeds offered in evidence by plaintiff convey or attempt to convey the same tracts of land, much less that they convey the identical tract described in the petition. One conveys twenty-five acres, another, 150 acres; another, 250 acres, and still another, 300 acres.

Plaintiffs' Exhibit 1 is a deed from M. L. F. Redd (who is apparently the alleged common source). It is dated 19 March 1870 and conveys to Elijah Williams one-half of his right, title, and interest in the land he (Redd) purchased from John A. Averitt, Sr. It also recites certain bounds and corners. On 1 March 1877, John B. Williams conveyed to Lewis Marine "All my right, title and interest which I, the said John B. Williams, has or may have in and to the several undivided tracts of land among the respective heirs at law of the late Elijah Williams died seized and possessed of in said county." The descriptions contained in other deeds are equally general in nature. There was no evidence that the land conveyed to Marine or any other tract described in the several deeds offered by plaintiffs is the land now claimed by them.

But we may concede, without deciding, that all of the deeds offered by plaintiffs convey one and the same tract of land or some part or interest in the same, and that they form a connected chain of title to the land Averitt conveyed to Redd and Redd conveyed to Elijah Williams. Even then, there is a fatal *hiatus* in plaintiffs' proof.

In the first place, plaintiffs claim through collateral heirs of Elijah Williams. If there is any evidence in the record that he died intestate or that he left no lineal descendants, it has escaped our attention. In the absence of such evidence, the plaintiffs have failed to show title through said Williams even though it be conceded that those who executed the deeds upon which plaintiffs rely are in fact his collateral heirs. *Murphy v. Smith,* 235 N.C. 455, 70 S.E. 2d 697.

That Williams never married is recited in one or more of the deeds. But this is not evidence. It is nothing more than a self-serving declaration. Recitals contained in a trustee's or mortgagee's foreclosure deed are by statute made *prima facie* evidence of the truth thereof. We know of no rule, however, that gives the effect of evidence to the recitals in a fee simple deed.

In an ejectment action a plaintiff must offer evidence which fits the description contained in his deeds to the land claimed. That is, he must show that the very deeds upon which he relies convey, or the descriptions therein contained embrace within their bounds, the identical land in controversy. If one or more of his deeds convey less than the whole, he must show that the land conveyed thereby lies within the bounds, and forms a part, of the *locus in quo.* As to the identity of the land conveyed, a deed seldom, if ever, proves itself. Fitting the description contained

in the deed to the land in controversy, or *vice versa,* must be effected by evidence *dehors* the record. *Smith v. Fite,* 92 N.C. 319; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Linder v. Horne,* 237 N.C. 129, 74 S.E. 2d 227; *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889.

"The office of description is to furnish, and is sufficient when it does furnish means of identifying the land intended to be conveyed . . . when the terms used in the deed leave it uncertain what property is intended to be embraced in it, parol evidence is admissible to fit the description to the land." *Winborne, J.,* in *Linder v. Horne, supra.*

This rule, which prevails in this jurisdiction, is aptly stated in the headnotes to *Smith v. Fite, supra;* as follows: "1. Where a party introduces a deed in evidence, which he intends to use as color of title, he must prove that its boundaries cover the land in dispute, to give legal efficacy to his possession. 2. It is error to allow a jury on no evidence, or on only hypothetical evidence, to locate the land described in a deed."

The wisdom of this rule is emphasized by this case. The description contained in the deed from Williams to Marine above quoted indicates that Elijah Williams died seized and possessed of several tracts of land. Is the land in controversy one of these tracts or are they several contiguous tracts which together compose the land now claimed by plaintiffs? The record fails to answer. The descriptions contained in some of the deeds call for Swash Creek as a boundary; others (including the description contained in the complaint) do not. Thus the record title itself demonstrates the need for oral evidence to identify the land claimed as the land conveyed, if that can be done. Neither this Court nor a jury can say with any degree of certainty that there is any relation between the land claimed and the land conveyed in the deeds relied upon by plaintiffs.

In our opinion the court below correctly ruled that the plaintiffs had failed to make out a case for the jury. Therefore the judgment of nonsuit entered must be

Affirmed.