DR. H. M. SEAWELL AND WIFE, CONSTANCE T. SEAWELL v. BOONE'S MILL FISHING CLUB, INCORPORATED.

(Filed 14 January, 1959.)

1. **Ejectment § 7—**
   Upon defendant's denial of plaintiff's title and defendant's trespass in an action for the recovery of land, the burden is on plaintiff to prove his title and the trespass of defendant.

2. **Ejectment § 10—**
   Where plaintiff, in an action for the recovery of land, introduces deeds establishing a common source of title but fails to offer evidence fitting the descriptions in the deeds to the land claimed, nonsuit is

proper, since rarely does a deed prove itself as to the identity of the land conveyed, but such proof must be effected by evidence *dehors* the instrument.

APPEAL by plaintiffs from *Morris, J.,* at March Term, 1958, of NORTHAMPTON.

Civil action to remove cloud of adverse claim of defendant from certain real property, and to have plaintiffs declared to be the owners of same in fee simple free from the claim of defendant.

As pertinent to this appeal the record shows the following:

I. (a) Plaintiffs allege in their complaint in part:

"3. That by a deed dated June 1, 1953, recorded in Book 399, page 90, Northampton County Register of Deeds office, Frank B. Meacham and his wife, Mary Lois Meacham, grantors in said deed conveyed to plaintiffs the following described tract of land: 'That tract of land in Occoneechee Township, Northampton County, North Carolina, lying on the north side of State and U. S. Highway No. 158, and more particularly described'" as there set forth, containing 17.5 acres.

(b) Plaintiffs further allege adverse claim of defendant.

(c) And pursuant thereto plaintiffs pray judgment (a) That the cloud of said adverse claim of the defendant be removed from the said title to said property, and that the plaintiffs be declared the owners in fee simple of said property free from the claim of the defendant; and (b) for such other and further relief as plaintiffs may be justly entitled together with the costs of this action.

II. Defendant, answering the complaint, while admitting that "there is of record in the office of the Register of Deeds of Northampton County in Book 399, at page 90, an instrument purporting to be a deed from Frank B. Meacham and his wife, Mary Lois Meacham, to Dr. M. H. Seawell and his wife, Constance T. Seawell," and "that according to the description" therein "a part of the lands therein attempted to be described is covered by the waters of Wheeler's Mill Pond," denies all other allegations of the complaint, and asserts "that it not only claims title to the lands covered by the waters of said Wheeler's or Boone's Mill Pond, but is the owner and in possession thereof."

Defendant, further answering the complaint, pleads, among other bars, to right of plaintiffs to prosecute this action, adverse possession of *locus in quo* for more than forty years.

Upon the trial in Superior Court plaintiffs offered in evidence, among other things:

1. Deed recorded in Book 399, page 90, Northampton County Public Registry, from Frank B. Meacham and wife, Mary Lois Meacham,

as parties of first part, to M. H. Seawell and wife, Constance T. Seawell, as parties of the second part, 1 June, 1953, purporting to convey to parties of second part, as tenants by the entireties, their heirs and assigns, the lands described in paragraph three of the complaint, to have and to hold with all privileges thereto belonging "but subject to the reservations hereinafter set out," etc.

2. Deed recorded in Book 327, page 366, Northampton County Public Registry from Matt W. Ransom III and wife, as parties of the first part, to Frank B. Meacham, as party of the second part, dated 29 July, 1944, purporting to convey in fee to parties of the second part "the following described tract or parcel of land: That tract of land in Occoneechee Township, Northampton County, North Carolina, bounded on the north by the lands of the estate of the late J. E. Ransom and others; on the east by the run of Wheeler's Mill Swamp; on the south by State Highway No. 48 and the lands of the estate of the late J. E. Ransom, containing 1500 acres, more or less, known as 'Mowfield'."

3. And plaintiffs offered oral testimony for the purpose of identifying the land in controversy.

Motion of defendant for judgment as of nonsuit was allowed, and from judgment in accordance therewith plaintiffs appeal to Supreme Court and assign error.

*V. D. Strickland for plaintiffs, appellants.*
*George C. Green, Eric Norfleet for defendant, appellee.*

WINBORNE, C. J.　The principal assignment of error presented on this appeal is based upon exception to the ruling of the trial court in granting defendant's motion for judgment as of nonsuit entered when plaintiffs rested their case.

In this connection, taking the evidence offered by the plaintiffs in the light most favorable to them, this Court is of opinion, and holds, that there is total failure of proof as to location of land sought to be recovered by plaintiffs as described in the complaint. And hence the nonsuit was properly granted.

When in an action for the recovery of land, as in the present case, defendant denies plaintiffs' title and defendant's trespass, nothing else appearing, issues of fact arise both as to the title of plaintiffs and as to trespass of defendant,— the burden as to each being on plaintiff. *Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692; *Mortgage Co. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d

673. See also *Paper Co. v. Cedar Works*, 239 N.C. 627, 80 S.E. 2d 665; *Teel v. Johnson*, 228 N.C. 155, 44 S.E. 2d 727.

In such action plaintiff must rely upon the strength of his own title. This requirement may be met in various methods which are specifically set forth in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142.

In the present action plaintiff undertakes to connect himself with a common source of title, and to show in himself a better title from that source— (the sixth method set out in the *Mobley case*).

However, as stated in *Skipper v. Yow*, 238 N.C. 659, 78 S.E. 2d 600, opinion by *Barnhill, J.*, later C. J.: "In an ejectment action a plaintiff must offer evidence which fits the description contained in his deeds to the land claimed— that is, he must show that the very deeds upon which he relies convey, or the descriptions therein contained embrace within their bounds, the identical land in controversy. If one or more of his deeds convey less than the whole, he must show that the land conveyed thereby lies within the bounds, and forms a part of the *locus in quo*. As to the identity of the land conveyed, a deed seldom, if ever proves itself. Fitting the description contained in the deed to the land in controversy, or vice versa, must be effected by evidence *dehors* the deed," citing *Smith v. Fite*, 92 N.C. 319; *Locklear v. Oxendine, supra; Linder v. Horne*, 237 N.C. 129, 74 S.E. 2d, 227; *Powell v. Mills*, 237 N.C. 582, 75 S.E. 2d 759; *Self Help Corp. v. Brinkley*, 215 N.C. 615, 2 S.E. 2d 889.

Indeed in *Smith v. Fite, supra*, this Court, through *Smith, C. J.*, declared that "Where a party introduces a deed in evidence, which he intends to be used as color of title, he must prove that its boundaries cover the land in dispute, to give efficacy to his possession." And in *Locklear v. Oxendine, supra*, this Court adds this comment, "in other words, the plaintiff must not only offer the deed upon which he relies, he must by proof fit the description in the deed to the land it covers —in accordance with appropriate law relating to course and distance and natural objects called for, as the case may be." And "the general rule as to this is that in order to locate a boundary, the lines should be run with the calls in the regular order from a known beginning, and the test of reversing in the progress of the survey should be resorted to only when the terminus of a call cannot be ascertained by running forward, but can be fixed with certainty by running reversely the next succeeding line," citing cases.

Hence other assignments of error require no express consideration, and the judgment from which appeal is taken is

Affirmed.