MRS. MAE LeFEVERS v. CITY OF LENOIR, NORTH CAROLINA, a Municipal Corporation.

(Filed 13 April, 1966.)

**1. Eminent Domain § 11—**

In an action to recover compensation for property taken by a municipality for a public use, the burden is on plaintiff to prove the location of that part of her land which she asserted had been taken, and when she fails to establish that the land taken was within the boundaries of the land owned by her, nonsuit should be entered.

**2. Boundaries § 9—**

Plaintiff's deed described her land by course and distance with reference to the corners of adjacent lots. *Held:* The boundaries may not be established by the running of a course and distance from an iron stake, even though she points out the stake and testifies that it had been there as long as she could remember, when she also testifies that no one had pointed out the corner to her and that she did not know its location of her own knowledge.

**3. Ejectment § 7—**

The burden is upon the party claiming land under a deed to fit the description in the deed to the land claimed.

Moore, J., not sitting.

Denny, E.J., took no part in the consideration or decision of this case.

APPEAL by defendant from *McLean, J.,* October 1965 Session CALDWELL Superior Court.

In July, 1963 the City of Lenoir widened Spainhour Avenue and took a strip of land in front of the plaintiff's house, some fourteen feet wide and seventy-seven feet long. Mrs. LeFevers claimed that the property belonged to her and was part of the lands described in a deed to her husband and her from Helen Winkler Simmons, December 18, 1947, the description being as follows:

> Beginning on an iron stake formerly A. A. Craig's corner on the East edge of Spainhour Street, and runs with the edge of said street, South 21° West 77 feet to a stake at the intersection of extension of Realty Avenue; thence with said avenue south 65° 30″ East 56 feet; thence South 54° East 120 feet to an iron stake, Clarence Setzer's Southwest corner; thence with said Setzer's line North 44° East 71 feet to an iron stake, said Setzer's corner; thence a new line same course 37 feet to an iron stake an independent corner; thence West 4° East 39 feet to A. A. Craig's southeast corner; thence with said Craig's line north 65° west 202 feet to the beginning, containing .4 of an acre, more or less. As surveyed by James H. Isbell, February 18th, 1937.

This is the same description as contained in the deed to Helen Winkler in 1937 and in setting up her title with *mesne* conveyances going back to 1899, the description is approximately the same. No natural objects are called for in any of the deeds. The plaintiff filed claim with the city for the land taken and upon denial, instituted this action which was tried by consent of the parties, without a jury, resulting in an award to the plaintiff of $822.00.

The City claimed that Spainhour Avenue was 40 feet wide as shown on several maps and that it had merely extended the street to this width and that no part of the land used in doing so belonged to the plaintiff.

*Dickson Whisnant and L. H. Wall attorneys for the appellant.*
*A. R. Crisp, Hal D. Adams attorneys for the appellee.*

PLESS, J.  Having made claim that the City has taken her land, Mrs. LeFevers has the burden of establishing its location, *Hill v. Dalton,* 140 N.C. 9, 52 S.E. 273, but it is apparent that she has been unable to do so. From the description given above it will be noted that her land begins on an iron stake, formerly A. A. Craig's corner on the east edge of Spainhour Street. She frankly confesses

she does not know where this corner is and none of her evidence locates it. Neither does her evidence locate A. A. Craig's Southeast corner, nor his line. She attempts to locate Clarence Setzer's Southwest corner, her surveyor saying that he began his survey at an iron pipe which Mrs. LeFever pointed out as her corner and which was the sixth and next to last call in her deed, and that by doing so, and running 202 feet toward Spainhour Street, he found the disputed property to be included in Mrs. LeFevers lands, but stated that there was nothing to indicate a line had been run and that nobody pointed out any corner to him except the one referred to above. He said he tried to plat Mrs. LeFevers deed but it will not close.

Mrs. LeFevers testified in her own behalf that there were two iron posts which had been there for as long as she could remember, some twenty-five or thirty years; that she did not know who put them there and that she had claimed one of them as her corner. In response to questions as to where she claimed in the street, she replied she didn't measure it and couldn't say where she claimed. On cross examination she said she did not know where her Southwest corner is and that the only corner she knew about are the two pipe stakes about 202 feet back from the street; that no one ever pointed out the pin to her and said she could not point out Clarence Setzer's Southwest corner and did not know of her own knowledge which it is. Her son also testified that the stake Mrs. LeFevers claimed had been there since he could remember but could not otherwise identify it. The remainder of Mrs. LeFevers' evidence dealt with the value of the land allegedly taken.

The office of the description in a deed is to furnish means of identifying the land intended to be conveyed. " 'Where a party introduces a deed in evidence, * * * he must prove that its boundaries cover the land in dispute, to give legal efficacy to his possession.' In other words, the plaintiff must not only offer the deed upon which he relies, he must by proof fit the description in the deed to the land it covers * * *". *Powell v. Mills*, 237 N.C. 582, 75 S.E. 2d 759, citing *Smith v. Fite*, 92 N.C. 319. "The general rule as to this is that in order to locate a boundary of land, the lines should be run with the calls in the regular order from a known beginning," *Powell v. Mills, supra,* and here the plaintiff starts at the 6th call of her deed which she says was her corner but has offered no evidence to support this claim. "It is error to allow a jury on no evidence, or on only hypothetical evidence, to locate the land described in a deed." *Skipper v. Yow*, 238 N.C. 659, 78 S.E. 2d 600.

The City offered evidence to the effect that J. H. Beall and G. F. Harper owned a considerable boundary of land in this vicinity,

which included the plaintiff's property, and that they had sold the pertinent property in 1899. They offered in evidence a map which was marked "map of J. H. Beall and G. F. Harper lands and suburban lots and streets of West Lenoir." The map was not registered, it was found among Mr. Beall's papers in the bank. This map showed a fifty foot right of way for Spainhour Avenue. The City also offered what was called the "Montgomery" map of the City of Lenoir which was made in 1911 but not recorded until 1964. It purported to be a map of the City of Lenoir as existed at that time and showed a forty foot right of way on Spainhour Avenue. This evidence, in the form presented, was not sufficient to show a dedication of the street, but does establish that the City was not acting arbitrarily or in bad faith in widening the thoroughfare. It must be remembered that the City had no burden of proving that the property taken was within the right of way shown on the maps.

The burden is upon Mrs. LeFevers but her evidence is so vague and uncertain that it will not support a finding in her favor. None of the corners or points in her deed refer to any natural object and since she confesses that she does not know where they are, it is ordered that the judgment in her favor be, and it is hereby

Reversed.

MOORE, J., not sitting.

DENNY, E.J., took no part in the consideration or decision of this case.