*71
 
 HeNdersoN, Judge,
 

 delivered the opinion of the Court as follows:
 

 What are the
 
 termini
 
 or boundaries of a grant or deed, is matter of law: where those boundaries or
 
 termini
 
 are, is matter of fact. I-' is the province of the. Court to declare the first, that of the jury to ascertain the second. Where natural objects are called for as the
 
 termini,
 
 and course and distance, and marked lines are also given, the natural objects are the
 
 termini,
 
 and the course and distance and marked lines can only be resorted to by the jury to ascertain the natural objects; they act as pointers or guides to the natural object. When the natural boundary is unique, or lias properties peculiar to itself, these pointers or guides can have but little effect, in fact I believe none. Where there is more than one natural object in the neighborhood answering the description, that is having common qualities, then those pointers or guides may be reverted to, to ascertain where the object railed for is, or which is the object designated. They do not then contradict or controvert natural boundary; they explain a latent ambiguity created by there being more than one object which, answers the description. Jt is completely within Lord
 
 Bacon’s
 
 illustration of the rule as to a latent ambiguity. The Judge was, therefore, right in his general observations; that natural boundaries must prevail over artificial. But this is rather a rule of law, than of fact; it governs, properly speaking, him and not the jury. It was-a misapplication of the rule to inform the jury, that after arriving at the letter H, they were at liberty to pass through the island X on the way to the great shoal, including part thereof within the grant, and excluding part.. -The rule must work both ways, if the grant includes the whole of Betsy’s marsh or island, without regard to courses and distances, because called for by it, nothing but what is Betsy’s marsh or island, can 'v* included iu it by courses and distances. The Hams X v is part of Betsy’s marsh or island, or it was not. If the first, the.
 
 *72
 
 whole of it was included in the grant; if it was not, none °t it could be brought within it by artificial calls. But this error produced no effect; the jury included the whole ^ie i®^nd N new trial ought not to be granted', therefore, for this error. The survey of
 
 Humphries’
 
 entry' made by the Messrs.
 
 Williams,
 
 was admissible to show the extent of Betsy’s marsh or island, for the entry and grant bad the same calls. It was also proper to show that they the Messrs.
 
 Williams,
 
 for they were witnesses on the trial, were uniform in their opinions on the subject; and I understand, from the Judge’s charge taken together, that it was introduced foi* the first purpose; for throughout the jury are told tiiat natural boundaries will prevail over artificial; by which I understand the Judge to say, that in law the grant includes the marsh or island. I am inclined to think that the difficulties in this case have arisen' from not attending to the description in the grant, which is
 
 marsh
 
 or island. If the island X could not pass under description of island, an island being land seperated by water from other lands, and there being a sluice between the island X and what is called the main island, at all times having water in it, although fordable by cattle and hogs; yet it might pass under the description of
 
 marsh,
 
 fór a marsh may include many islands, particularly when separated only by narrow and shallow sluices, and in the neighborhood of and surrounded by broad and deep waters, where such small separations would scarcely attract attention.
 

 It is not the duty, or perilaps right, of this Court to value the evidence; but I think it would not be improper, in this case, to say, that after arriving at the letter H, if the line passed through the sluice, that is along it, there was no possible inducement after getting through it, to go to the great shoal at the head of the channel, a
 
 terminus
 
 called for in the grant; only latid covered by navigable water, which would pass, was included thereby; they would obviously have proceeded immediately to the Her-
 
 *73
 
 ping gut instead of the great shoal; whereas if they run around the island X, and included it withiq the description, they were carried to the great shoal, and it then formed a proper
 
 terminus
 
 for their departure from the Herring gut, the place of beginning.
 

 As to the objections to the release, the first as to its not being proven, conies too late, it should have been taken on the trial; the other is entirely unfounded, for an obligation or contract of any kind can as well be released before breach as after; the only difference is, that if requires more comprehensive terms to embrace a case before there is a breach. The words of this release, a copy whereof is appended to the record, was sufficiently comprehensive to embrace a case before breach.
 

 Let the rule for a new trial be discharged.
 

 Judgment affirmed..