This was a proceeding of protest under the entry laws, C.S. 7557; and, from a judgment in favor of protestant, the enterer, or claimant, appealed.
Brooks made entry to certain lands, under C.S. 7554, alleging the same to be vacant or unappropriated. Woodruff filed his protest, under C.S. 7557, claiming title to the land covered by the entry under a prior grant from the State. On the trial the rights of the parties were made to depend upon the true location of the lines and boundaries of Woodruff's grant. The case was heard on an agreed statement of facts, and his Honor, by consent, acting as judge and jury, found that Woodruff's grant called for the same land as that covered by the entry. This was a mooted question of fact, and we see no reason for disturbing his Honor's finding in favor of protestant and against the claimant, as it is supported by the evidence.
"What are the termini or boundaries of a grant or deed is a matter of law; where those boundaries or termini are is a matter of fact. It is the province of the court to declare the first, that of the jury to ascertain the second." Henderson, J., in Tatem v. Paine, 11 N.C. 71. Here the court, by consent, taking the place of the jury, has found the facts against the claimant, and such finding is supported by competent evidence. The judgment, therefore, must be affirmed. Lumber Co. v. Bernhardt,162 N.C. 460.
Affirmed. *Page 304 
 Cited: Geddie v. Williams, 189 N.C. 337; Tinsley v. Winston-Salem,192 N.C. 597; Edwards v. Benbow, 227 N.C. 467; Carrow v. Davis,247 N.C. 742.