A. B. CLEGG v. LAURA CANADY AND HER HUSBAND, J. T. CANADY.

(Filed 17 April, 1940.)

1. **Ejectment § 15—Plaintiff in ejectment has burden of proving good title in himself.**

In an action in ejectment the burden of proof is upon plaintiff to establish his title and he may not rely upon the weakness of the title of defendant, and therefore where the parties agree that the controversy depends upon the location of the dividing line between their respective properties, an instruction that the burden is on plaintiff to establish the line as contended for by him is without error.

2. **Boundaries § 2—A call for the line of adjacent lands is considered a natural boundary, and if there is a difference between the true and the reputed line, reputed line controls.**

A call in a deed for the line of an adjoining tract, marked or unmarked, when known at the time of execution of the deed, is considered a natural boundary and controls courses and distances, and therefore if there is a difference between the true line of the adjoining boundary as established by courses and distances and such line as established by general reputation, the latter controls, and an instruction to the effect that the reputed line and the true line of the adjoining tract would be presumed the same in the absence of evidence to the contrary, but that if there were a difference the reputed line would control, and that evidence of such difference would be competent, is without error.

3. **Boundaries § 1—**

What constitutes the dividing line between the lands of the respective parties is a question of law for the court, but where this line is located is a question of fact for the jury, and where the jury locates the line upon conflicting evidence under correct instructions from the court, the finding of the jury is conclusive.

SEAWELL, J., took no part in the consideration or decision of this case.
STACY, C. J., dissents.

APPEAL by plaintiff from *Bone, J.,* at September Term, 1939, of LEE. No error.

*K. R. Hoyle for plaintiff, appellant.*
*Gavin, Jackson & Gavin for defendants, appellees.*

SCHENCK, J. This is an action in ejectment. Admittedly the plaintiff owns the land west and north of the land of the defendants—in truth, owns the land described in the complaint. The defendants, however, deny that they are trespassing on any part of the plaintiff's land. The plaintiff alleges and contends that the defendants are trespassing on some two to three acres of his land lying north of his southern line,

defendants' northern line, the same being a division line running practically east and west between the lands of the plaintiff and of the defendants. The decision of this case must turn upon the location of this division line, since an agreement was entered into between the parties that if the jury found the division line to be located as contended for by the plaintiff, judgment should be entered for the plaintiff, but if the jury failed to so find that judgment should be entered for the defendants.

The plaintiff contends that the division line began at a point known as Gilmore's corner and ran thence N. 86¼° W. to and through a point 126 feet south of a forked pine claimed by the defendants as a corner.

The defendants contend that the division line began at the point known as Gilmore's corner and ran thence N. 83° 15′ W. 1,784 feet to a forked pine, a corner.

The following issue was submitted to and answered by the jury in the negative: "Does the plaintiff's south line begin at an iron stake, now called the Gilmore corner, and run thence N. 86¼ deg. W. to and through a point 126 feet south of the forked pine claimed by defendants as the corner as surveyed by Hancock on January 27th and 28th, 1938?"

From judgment predicated on the verdict the plaintiff appealed, assigning errors.

The description in the deed to plaintiff from E. F. Watkins and wife, dated 1 September, 1923, through which he claims title, is as follows: "Lying on the south side of Deep River. Beginning at a white oak on the river bank, just below Harden's branch; thence S. 11 W. 150 poles to a stake; thence with the land of J. E. Bryan .... .... poles to a stake in the land of Strickland heirs, corner of Churchill and Strickland heirs' land; thence with J. H. Churchill line in a northernly direction to the S. A. L. right of way ........ poles; thence with said right of way ......... poles to the bank of Deep River; thence with the meanderings of said river .......... poles to the beginning, containing 197 acres, more or less."

The line the location of which is in controversy is the second call in the deed: "thence with the land of J. E. Bryan . ........ poles to a stake, in the land of Strickland heirs, corner of Churchill and Strickland heirs' land."

The location of Gilmore's corner was agreed to be at the end of the first call, and the question involved is whether the J. E. Bryan line ran from Gilmore's corner N. 86¼° W. through a point 126 feet south of the forked pine, or from Gilmore's corner N. 83° 15′ W. to the forked pine.

The plaintiff offered in evidence deeds, testimony of witnesses and plats tending to show that the J. E. Bryan line was coincident with the line formerly known as the I. N. Clegg line, and that the I. N. Clegg line ran "thence west to and with the line of the Jones or Mill tract 291 poles

to a pine," and that the Jones or Mill tract line was located by running a straight line west, with proper variation of the compass, from the Gilmore corner to what was known as the George Dickens corner, and that this straight line was N. 86¼° W. and ran through a point 126 feet south of the forked pine.

The defendant offered in evidence deeds, testimony of witnesses and plats tending to show that the J. E. Bryan line was coincident with the Jones or Mill tract line, and that this line ran west to a forked pine, at what was Strickland heirs' northeast corner, now W. B. Moore's northeast corner, the course being N. 83° 15' W.

His Honor charged the jury that the burden of proof was upon the plaintiff to establish his contention by the greater weight of the evidence—that is, to so establish that the J. E. Bryan line ran as he, the plaintiff, contended it ran. The plaintiff assigns this charge as error, and contends that he was entitled to a directed verdict, as a matter of law, upon the admissions and undisputed facts. The assignment cannot be sustained. The evidence was conflicting and the burden of proof in an action in ejectment is upon the plaintiff to establish his title, he must rely upon the strength of his own title and not the weakness of that of his adversary. *Mobley v. Griffin,* 104 N. C., 112; *Rumbough v. Sackett,* 141 N. C., 495; *Millikin v. Sessoms,* 173 N. C., 723; *Singleton v. Roebuck,* 178 N. C., 201; *Carstarphen v. Carstarphen,* 193 N. C., 541.

The appellant assigns as error the following excerpt from the charge of the Court: "Now, his (plaintiff's) call in his deed calls for the line of J. E. Bryan. The Supreme Court has said that the call for another's line is considered as a natural boundary, but the call for another's line is not necessarily a call for his true line; it means the line bearing that appellation and is reputed to be such. Of course, in the absence of proof tending to show a difference between the true and reputed lines, they will be presumed to be the same, but they may be shown to be different." This assignment cannot be sustained.

The call for another's line is considered a natural boundary, and, when known at the time of the execution of the deed, will control a call for course and distance. *Corn v. McCrary,* 48 N. C., 496; *Bowen v. Gaylord,* 122 N. C., 816; *Whitaker v. Cover,* 140 N. C., 280; *Power Co. v. Savage,* 170 N. C., 625.

The charge that "a call for another's line is not necessarily a call for his true line; it means the line bearing that appellation and reputed to be such," was consonant with the principle that a line in an adjoining tract is considered a natural boundary and controls course and distance. A line "bearing that appellation and reputed to be such," if established, is a natural boundary, whether marked or unmarked, and controls course and distance called for in the deed, when there is a difference between

reputed or established line, that is, established by reputation, and the true line, that is, the line delineated in the deed by course and distances. It logically follows if there be a difference between the true line and the reputed line, and the latter controls, it would be competent to show such difference, as charged by the court.

"It will be noted that in order to the proper application of this principle (that the call in a deed for the line of another tract of land is to be considered and dealt with as a natural object), the line called for must be 'identified, fixed and established,' or the position does not govern; but when the conditions exist which call for its application, it is then not a question of whether the writer of the deed or the parties to it intended to take in so much land or to extend the line of the principal deed to so great a length, but, in the language of *Henderson, J.,* in *Tatem v. Sawyer, supra* (11 N. C., 64), 'Where there is a call for natural objects, and course and distance are also given, the former are the termini and the latter merely points or guides to it.' And if the line is properly fixed and established pursuant to recognized rules it makes no difference whether it was marked or unmarked." *Lumber Co. v. Bernhardt,* 162 N. C., 460.

This case, as has been aforeobserved, presents but one question, namely, the location of the J. E. Bryan line, it being admitted that this line, wherever located, forms the southern boundary of the plaintiff's land and the northern boundary of the defendants' land. In this respect the case took on the aspects of a processioning proceeding.

There was much evidence, oral and documentary, offered by the parties, plaintiff and defendants, tending to establish their respective contentions. The appellant makes 133 exceptive assignments of error to the court's rulings upon the admission and exclusion of evidence, each of which we have examined and find among them no prejudicial error. There are 39 exceptive assignments of error made to the refusal of the court to give special instructions prayed for and to the giving of certain instructions contained in the charge. These assignments we have likewise carefully examined and find no prejudicial error.

The single question raised, the location of the division line between the parties, was clearly and impartially presented to the jury, and while there is evidence that would have sustained an affirmative answer to the issue submitted, there is likewise evidence sufficient to sustain the negative answer made thereto. What constituted the division line was a question of law for the court, but where this line was located was a question of fact for the jury. The court correctly instructed the jury as to what constituted the division line, and the jury by their answer to the issue failed to find that this line was located as contended by the plaintiff.

The answering of the first issue in the negative rendered the consideration of the subsequent issues, which related to the alleged trespass by the defendants and resultant damages therefrom, unnecessary.

In the record we find

No error.

SEAWELL, J., took no part in the consideration or decision of this case.

STACY, C. J., dissents.