C. W. EDWARDS v. TYRE G. BENBOW.

(Filed 21 May, 1947.)

**1. Quieting Title § 2—**

In an action to remove cloud from title to lands claimed from a common source, the introduction in evidence by plaintiff of deeds constituting his chain of title containing descriptions sufficient in themselves to refer to the same lands, makes out a *prima facie* case, and defendant having admitted claiming title to the lands described in the deed to plaintiff, and having introduced no evidence, an instruction for the jury to answer the issue in plaintiff's favor if they believe the evidence, is without error.

**2. Adverse Possession § 19—**

In this action to remove cloud from title, defendant's contention that plaintiff's evidence was sufficient to show adverse possession by defendant, entitling defendant to have the issue as to his adverse possession submitted to the jury, *held* untenable.

DEFENDANT's appeal from *Rousseau, J.,* at March Term, 1947, of GUILFORD.

This was an action to remove a cloud from the title of plaintiff to the lands described in the complaint.

It is alleged that the lands, as so described, originally belonged to the defendant but that they had been sold under a tax foreclosure suit, conveyed by Commissioner's deed to the City of Greensboro which, in turn, conveyed the lands to the plaintiff. It is further alleged in plaintiff's pleading that defendant claims to be the owner of the "said land" and has frequently asserted the ownership at various times and by various methods, to wit:

"Said defendant has insisted on listing the land for taxation, and on paying the taxes charged against said property; he has forbidden the plaintiff, his agents, servants and employees, from going upon said property or exercising dominion over it, and he has publicly asserted that he is the owner of said property."

The defendant admits this in his answer, but attacks the validity of the tax title upon the ground that he had tendered to the municipality the taxes due prior to the sale, and that the sale was illegal. He further sets up that he is the owner of the land, alleges present and prior adverse possession, and pleads the statute of limitations.

On the trial the plaintiff introduced a deed which he contends conveyed the lands in controversy to the defendant prior to the tax sale, the judgment roll in the tax proceeding, the commissioner's deed of the latter to Guilford County, and the deed of the latter to plaintiff. For the purpose of the appeal the procedural regularity of the tax foreclosure

suit was admitted. Plaintiff also introduced in evidence his allegation respecting the assertion of claim of the defendant to the land described in the complaint, and rested. Defendant demurred to the evidence and moved for judgment of nonsuit, which was declined. Defendant offered no evidence. Defendant tendered an issue as to his adverse possession, which was declined, and defendant excepted. The court submitted the following issue:

"Is the plaintiff the sole owner in fee simple of the lands described in the complaint?"

The jury was instructed to answer the issue "yes" if they believed the evidence. The issue was so answered and from an adverse judgment defendant appeals.

*Hoyle & Hoyle for plaintiff, appellee.*
*D. H. Parsons and Walser & Wright for defendant, appellant.*

SEAWELL, J. The appellant asks the Court two questions:
Were the descriptions in the various deeds introduced by plaintiff sufficient without other proof to identify the land in dispute and to justify the court in directing the verdict for the plaintiff? Was there sufficient evidence offered by the plaintiff to require the court to submit the issues tendered by defendant as to possession?

1. The appellant insists that to recover it was necessary for the plaintiff, as in ejectment, to show by some evidence *dehors* the deeds that the descriptions therein fitted the lands he claimed, and, failing this, contends that the descriptions in the deeds are too variant and vague to connect him with the common source and show title.

As to the first proposition the defendant failed to allege or offer evidence of any boundaries under which he claimed, whether variant from or identical with those in defendant's description, but in the pleadings joined issue with the plaintiff on claim of title under the latter's description and suffered loss of any vantage ground he may have had by the introduction by plaintiff of the pertinent allegations of the complaint admitted in the answer.

No question was raised requiring the location of boundaries necessitating the intervention of the jury in that respect. *Tatem v. Paine,* 11 N. C., 71; *Brooks v. Woodruff,* 185 N. C., 288, 116 S. E., 724; *Lee v. Barefoot,* 196 N. C., 107, 144 S. E., 547.

We are of opinion that the descriptions in the several deeds are sufficiently identical in character to raise an inference of identity in the land conveyed, running back to defendant's original title, and justify the instruction given to the jury.

The record discloses no evidence of possession by the defendant and the issue tendered by him was properly refused.

We find in the record

No error.