PALMER HARRILL AND CLAUDE HARRILL, PETITIONERS v. A. C. TAYLOR AND WIFE, FRANCES B. TAYLOR, AND WILLIAM H. WILKINS; F. A. WILKIE AND WIFE, OCIE WILKIE, AND EULA LEE MAYFIELD, DEFENDANTS.

(Filed 26 February, 1958.)

1. **Boundaries § 7—**

An action between owners of adjoining land to determine the location of the dividing line, in which action the parties stipulate that title is not in dispute, is a processioning proceeding.

2. **Boundaries § 14: Judgments: § 27c—**

Judgment in a processioning proceeding adopting the referee's findings and conclusions and directing the surveyor to go upon the land and mark the line according to the report, is a final judgment, reviewable only by appeal, G.S. 1-277, the provision for marking the line as judicially determined being only a direction for the performance of a ministerial duty in no way affecting the finality of the determination of how the line should be run. G.S. 38-3 (3).

3. **Boundaries § 14: Appeal and Error § 49—**

Where a judgment is entered confirming the surveyor's report upon the court's finding that the surveyor had run the line in compliance with direction in the judgment establishing the dividing line, G.S. 38-3 (3), exception to the judgment confirming the surveyor's report does not question this finding, and the judgment must be affirmed.

APPEAL by plaintiffs from *Campbell, J.,* September 1957 Term of RUTHERFORD.

The amended complaint alleges plaintiffs and defendants are the owners of adjoining lands. They seek judicial determination of the location of the lines dividing the properties in accord with their contentions. Defendants admit they are abutting owners, assert a different location of the dividing line and title by possession to the line claimed by them. The parties stipulated the only question for determination was the location of the common boundary. A court survey and reference was ordered. The referee, upon notice, heard the parties and filed a report containing findings of fact and conclusions of law. The report fixed the location of the dividing lines and how they should be run.

Plaintiffs, in due time, filed exceptions to the referee's findings and conclusions. The cause came on for hearing on the exceptions so filed before Froneberger, J., presiding over the September 1956 Term of Rutherford. He adjudged: "that the Exceptions of the Plaintiffs be denied and that the Report of the Referee be confirmed and that Marvin Packard be, and he is hereby authorized to go upon the premises and survey and mark the line between the parties hereto according to the report of the Referee."

Plaintiffs excepted to this judgment and gave notice of appeal. No exception was taken to the ruling on any finding or conclusion. The judgment was entered 20 September 1956. The appeal was entered 21 September 1956. On 3 October 1956 counsel for plaintiffs and defendants stipulated that plaintiffs "shall have until November 5, 1956, within which time to make up and serve the case on appeal." No case on appeal was served, and the appeal was not perfected.

Packard, acting under the judgment entered September 1956, surveyed and marked the line and filed a map showing his sur-

vey. He failed, however, to file a report. At the January Term 1957, Clarkson, J., entered an order directing the surveyor to file a report. Acting in conformity with the order, Packard filed his report in which he certified that in the presence of the referee he had run and marked the line in accordance with the directions set out in the report of the referee. Thereafter plaintiffs filed exceptions to the report of the surveyor. In substance these exceptions are a reiteration of the exceptions to the report of the referee which were heard by Judge Froneberger.

The cause was heard by Judge Campbell at the September Term 1957 on the exceptions filed to the report of surveyor Packard. Judge Campbell, after hearing the evidence, found as a fact that "the Surveyor complied in every respect with the Report of the Referee." He thereupon approved the report of the surveyor. Plaintiffs excepted and appealed.

*Hamrick & Hamrick, J. Nat Hamrick, T. J. Moss, and R. S. Eaves for plaintiff, appellant.*
*M. Leonard Lowe for defendant, appellees.*

RODMAN, J. The controversy, by stipulation of the parties that boundary only was involved, became in effect a processioning proceeding, *Goodwin v. Greene,* 237 N.C. 244, 74 S.E. 2d 630; *Clegg v. Canady,* 217 N.C. 433, 8 S.E. 2d 246, and was properly referred. G.S. 1-189(3).

The judgment in September 1956 adopting the referee's findings and conclusions was a final judgment. *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Cornelison v. Hammond,* 225 N.C. 535, 35 S.E. 2d 633; *Parker v. Taylor,* 133 N.C. 103. As such, it was only reviewable by appeal to this Court. G.S. 1-277. The provision of the judgment for marking, as provided by G.S. 38-3(3), the line as judicially determined was a mere direction for the performance of a ministerial duty which in no way affected the finality of the determination of how the line should be run.

The only matter open for hearing by Judge Campbell was: Did the surveyor act in conformity with the directions given him? The court, upon the evidence adduced, found that he did. The exception to the judgment does not question this factual finding. *Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271; *Travis v. Johnston,* 244 N.C. 713, 95 S.E. 2d 94. The judgment is a correct declaration of the law on the facts judicially determined.

Affirmed.