D. J. NAPOLI v. W. L. PHILBRICK AND WIFE, CHRISTINE J. PHILBRICK

No. 7029SC89

(Filed 6 May 1970)

1. **Boundaries §§ 8, 9— processioning proceeding — duties of judge hearing case without jury**

   Where the parties agreed that the only matter in controversy was the true divisional line between two contiguous parcels of land, the action, in effect, became a processioning proceeding, and it was the duty of the judge hearing the case without a jury to determine what constitutes the divisional line, and as trier of the facts, to say where it is.

2. **Boundaries § 15— judgment in processioning proceeding — stipulations by plaintiff conceding defendant owns property by senior conveyance**

   In this processioning proceeding, the trial court did not err in finding that defendants are the owners of the property described in their further answer and defense and cross action and in establishing the divisional line as contended by defendants, notwithstanding two calls in said description may differ from the same two calls in the description in defendant's deed, where the only evidence before the court was the stipulated facts, and the parties stipulated that defendants acquired title to the property claimed by them by deed recorded on a certain date and that the property claimed by plaintiff was conveyed to him in a deed recorded on a subsequent date, plaintiff having stipulated to facts that in effect concede that defendants own, through a senior conveyance, the exact property they claim.

3. **Trial § 6— stipulations — method of setting aside**

   A party to a stipulation who desires to set it aside should seek to do so by some direct proceeding, ordinarily by motion to set aside the stipulation in the court in which the action is pending.

4. **Boundaries § 9— processioning proceeding — burden of proof**

   The burden of proof rests upon plaintiff in a processioning proceeding to establish the true location of the disputed boundary line, and if plaintiff is unable to show by the greater weight of the evidence the location of the line at a point more favorable to him, the issue should be answered in accord with the contentions of defendants.

APPEAL by plaintiff from *Froneberger, J.*, 18 August 1969 Session of HENDERSON County Superior Court.

Plaintiff and defendants are contiguous landowners in the Town of Laurel Park, Henderson County, their lands having a single common boundary extending some 125 feet. They derive title to their respective properties from a common grantor. Plaintiff purchased his property and recorded his deed in June of 1961 and the defendants recorded the deed to their property in December of 1956.

Plaintiff instituted this action on 14 July 1967 alleging that defendants are in the wrongful possession of a strip of land seven feet wide running along the common boundary line. In his complaint plaintiff asked that he be declared owner of the seven-foot strip of land; that the defendants be ordered to remove a portion of their house and other improvements located thereon; and that plaintiff be awarded actual and punitive damages. Defendants answered and denied plaintiff's ownership of the strip of land in question. They alleged in their further answer that the land in dispute is owned by them through seven years adverse possession under color of title; and further, that the fact the description in their deed does not encompass the disputed strip of land resulted from a scrivener's omission which was known and accepted by plaintiff at the time he acquired his property.

When the cause came on for trial the parties entered into the following stipulations:

"In this cause, it is agreed a jury trial is waived and that the matter in controversy shall be submitted to the presiding judge, on these agreed facts who shall find the facts and make his conclusions of law and render judgment thereon;

It is agreed that the plaintiff and defendants own adjacent property in the Town of Laurel Park in Henderson County, North Carolina, and that the only matter in controversy between the parties is the divisional line of said properties;

Further, it is agreed that there is only an area of 7 feet wide and 125 feet long involved in the controversy; that the 7 foot area, as well as other property owned by plaintiff and defendants, is shown on a map prepared from an actual survey by Don Hill, County Surveyor, on August 18, 1967, and the map may be used by the Court as evidence;

That the heavy dark colored line indicates the divisional line in controversy; defendants claiming the dark line is correct and plaintiff claims the green line is correct.

That the lands claimed by the plaintiff are described in paragraph 3 of the complaint and the lands claimed by the defendants are described in paragraph 1 of the Further Answer and Defense and Cross Action of defendants' Answer and the court may refer to the calls therein for such information as may be appropriate, but it is stipulated and agreed that no part of said properties are·involved in the controversy, except the 7 feet area aforementioned.

Further, it is agreed that the defendants acquired title to the property claimed by them in a deed dated 14th September 1956 from Irene W. Rowlands to W. L. Philbrick and wife, Christine J. Philbrick, recorded 17 December 1956 in Deed Book 356, Page 383 of the Henderson County Deed Records and the plaintiff acquired title to his property from Irene W. Rowlands by Deed dated June 12, 1961, and recorded June 1961 in Deed Book 393, Page 565 of the Henderson County Registry."

Upon the stipulated facts, the trial judge found that defendants are the owners of the property described in their Further Answer and Defense and Cross Action and established the divisional line as contended by defendants. Plaintiff appealed.

*Van Winkle, Buck, Wall, Starnes & Hyde by Herbert L. Hyde for plaintiff appellant.*

*Redden, Redden & Redden by Monroe M. Redden for defendant appellees.*

GRAHAM, J.

[1]  Since the parties agreed that the only matter in controversy was the true divisional line between the two contiguous parcels of land, this action, in effect, became a processioning proceeding. *Harrill v. Taylor*, 247 N.C. 748, 102 S.E. 2d 223; *Welborn v. Lumber Co.*, 238 N.C. 238, 77 S.E. 2d 612; *Goodwin v. Greene*, 237 N.C. 244, 74 S.E. 2d 630; *Clegg v. Canaday*, 217 N.C. 433, 8 S.E. 2d 246. It was therefore the duty of the judge to determine what constitutes the divisional line, and also as the trier of the facts, to say where it is. *Coley v. Telephone Co.*, 267 N.C. 701, 149 S.E. 2d 14; *Jenkins v. Trantham*, 244 N.C. 422, 94 S.E. 2d 311; *McCanless v. Ballard*, 222 N.C. 701, 24 S.E. 2d 525.

[2]  Plaintiff contends the trial judge erred in his findings relating to the description of the property owned by defendants in that two calls in the said description differ from the same two calls in the description which appears in defendants' deed. It is uncontroverted that the strip of land in controversy is encompassed within the description of the property found by the court to be owned by the defendants. It therefore follows that unless the court erred in making this finding, the judgment entered correctly located the divisional line as the line contended by defendants.

Nowhere in the record does it appear that either defendants' or plaintiff's deed was offered in evidence or that there was any evi-

dence, other than that appearing in the stipulations, to show the description of the property owned by the parties. In fact, plaintiff concedes in his brief that the *only* evidence before the court was the stipulated facts. The stipulations provide in part:

> "That the lands claimed . . . by the defendants are described in paragraph 1 of the Further Answer and Defense and Cross Action of defendants' Answer and the court may refer to the calls therein for such information as may be appropriate, . . . Further, it is agreed that the defendants acquired title to the property claimed by them [in their Further Answer and Defense and Cross Action] in a deed dated 14 September 1956 . . . recorded 17 December 1956. . . ."

In finding that defendants own the property described in their Further Answer and Defense and Cross Action and reciting the exact description contained therein, the court in effect adopted the stipulated facts set forth above. The stipulations support the court's finding. Since, also according to stipulated facts, the property claimed by plaintiff was conveyed to him in a deed that was recorded subsequent to the recordation of defendants' deed, the court correctly relied upon the description of the property found to be owned by defendants. "A description contained in a junior conveyance cannot be used to locate the lines called for in a prior conveyance." *Carney v. Edwards*, 256 N.C. 20, 25, 122 S.E. 2d 786.

[3]    It may be that plaintiff inadvertently stipulated to facts that in effect concede that defendants own, through a senior conveyance, the exact property they claim. However, plaintiff has made no effort to seek relief from the stipulations. In *R. R. Co. v. Horton*, 3 N.C. App. 383, 389, 165 S.E. 2d 6, we find the following:

> " 'A party to a stipulation who desires to have it set aside should seek to do so by some direct proceeding, and, ordinarily, such relief may or should be sought by a motion to set aside the stipulation in the court in which the action is pending, on notice to the opposite party.' 83 C.J.S., Stipulations, § 36, p. 93. 'Application to set aside a stipulation must be seasonably made; delay in asking for relief may defeat the right thereto.' 83 C.J.S., Stipulations, § 36, p. 94."

[4]    The burden of proof rested on plaintiff to establish the true location of the disputed boundary line. *Coley v. Telephone Co., supra; Plemmons v. Cutshall*, 234 N.C. 506, 67 S.E. 2d 501. " 'If the plaintiffs are unable to show by the greater weight of evidence the location of the true dividing line at a point more favorable to them than the line as contended by the defendants, the jury should answer the

issue in accord with the contentions of the defendants.'" *Coley v. Telephone Co., supra,* at p. 702, quoting from *Cornelison v. Hammond,* 225 N.C. 535, 35 S.E. 2d 633, and cases cited. The record before us indicates that plaintiff failed to carry the burden of proof placed upon him and the findings, conclusions and judgment of the trial court are in all respects proper.

Affirmed.

Brock and Britt, JJ., concur.