S. J. TRIPP, D. E. TRIPP, JOHN D. TRIPP, CLEVIE TRIPP WALLACE, VERA TRIPP HAYNES, JOSEPHINE TRIPP GILLILAND, ELIZA-BETH TRIPP, G. A. TRIPP, JR., AND BETTIE JOE TRIPP v. NORTH CAROLINA PHOSPHATE CORPORATION AND WEYERHAEUSER COMPANY AND PETE ANDERSON

No. 702SC63

(Filed 24 June 1970)

Trespass to Try Title § 1;    Pleadings § 38—    wrongful cutting of timber — action for damages and quieting of title — effect of landowners' admission in pleadings

In landowners' action to recover double the value of timber allegedly cut on their land by corporate defendants and to remove cloud on title to 4.26 acres of landowners' property, an admission by the landowners that the description in defendants' deed referred to in the complaint encompassed the 4.26 acres of land in controversy *is held* not an admission that the defendants *owned* the disputed land or that their title is superior to plaintiffs' title; and plaintiffs are not precluded from establishing, if they could, title to the land.

APPEAL by plaintiffs from *Parker, J.,* October 1969 Session of BEAUFORT Superior Court.

Plaintiffs filed complaint on 2 June 1967 alleging in substance except where quoted as follows: Plaintiffs are the owners of a certain described tract or parcel of land located in Beaufort County, being the property also described in a deed, dated 27 December 1935 and recorded in Book 399, page 265, of the Beaufort County Registry.

"3.   That the defendant, North Carolina Phosphate Corporation owns a tract of land situate immediately to the South of plaintiff's [sic] land, said defendant having acquired said land by virtue and under a deed which is recorded in Book 534 at page 528 Beaufort County Registry, dated April 20, 1962."

In July and October, 1965 defendant, Weyerhæuser Company, with authority of its codefendant, entered the lands owned by the defendant, North Carolina Phosphate Corporation (Phosphate Corporation) referred to in section three of this complaint and cut certain standing timber thereon.

In cutting the timber from the lands of Phosphate Corporation, defendants crossed over the southern line of the plaintiffs' land and trespassed over a 4.26 acre area thereof, cutting and removing from plaintiffs' land and without plaintiffs' consent timber valued at $2,-736.92. The plaintiffs further allege defendant Phosphate Corporation wrongfully claims to own the 4.26 acres of plaintiffs' property,

and that said claim is wrongful and constitutes a cloud on plaintiffs' property, which should be removed.

Plaintiffs prayed for recovery of double the value of the timber allegedly cut by defendants and for the removal of the cloud on title to the 4.26 acres claimed by Phosphate Corporation.

Defendants answered denying all essential allegations in plaintiffs' complaint except for those of paragraph three, and in answer to those allegations defendants alleged:

"3. It is admitted that North Carolina Phosphate Corporation is the owner of and in rightful possession of the lands described in a deed recorded in Book 534, page 528, Beaufort County Registry."

After the jury had been sworn and impaneled but before any evidence had been presented a pre-trial conference was held in the judge's chambers after which the following judgment was entered:

"The above entitled matter coming on to be heard and being heard by the undersigned Judge Presiding and a Jury having been selected, chosen and sworn, and the pleadings having been read to the Jury and the Court by the respective attorneys for the parties and it further appearing to the Court that thereafter the attorney for the defendants moved the Court for Judgment on the pleadings. That thereafter in conference in the Judges Chambers between the presiding officers [sic] and the attorneys for plaintiffs and defendants it was admitted that the description as contained in the deed referred to in Section three of the plaintiffs' complaint encompasses the area in dispute which is the subject of this action. It further appearing to the Court that from a perusal and interpretation of Section three of the plaintiffs' complaint and the corresponding Section three of the defendants' answers admitting the allegations in plaintiffs' section number three and the admission of Counsel there is no legal controversy between the parties.

WHEREUPON, it is ORDERED, CONSIDERED and ADJUDGED that said action be dismissed and that the costs be assessed against the plaintiffs."

Plaintiffs excepted to the judgment and in apt time appealed.

TRIPP *v* PHOSPHATE CORP.

*LeRoy Scott for plaintiff appellants.*

*Rodman & Rodman by Edward N. Rodman for defendant appellees.*

GRAHAM, J.

Plaintiffs conceded before the trial court and on oral argument in this court that the description contained in the deed referred to in paragraph three of their complaint encompasses the 4.26 acres of land in controversy. However, this concession does not admit that defendants *own* the disputed tract. (Compare *Napoli v. Philbrick,* 8 N.C. App. 9, 173 S.E. 2d 574, where plaintiff stipulated that defendants *owned* the property described in their further answer and defense and that the description encompassed the disputed area). Paragraph three of the complaint alleges that defendant Phosphate Corporation owns a tract of land under a certain deed. The effect of plaintiffs' admission is that the 4.26 acres in controversy is included in the description of lands owned by Phosphate Corporation and described in the deed referred to in paragraph three. The fact that it is included in the description does not necessarily mean that Phosphate Corporation has title thereto superior to the title claimed by plaintiffs. Construing the pleadings, along with plaintiffs' admission, we interpret plaintiffs' position to be: The deed referred to in paragraph three describes certain property. Phosphate Corporation owns the property described therein except for a 4.26 acre tract which is owned by plaintiffs.

It is impossible to conclude from the pleadings and plaintiffs' admission that the disputed tract is not owned by plaintiffs. Plaintiffs should have been permitted to offer evidence to establish, if they could, title to the 4.26 acre tract. Judgment on the pleadings was therefore improvidently entered.

Reversed.

MALLARD, C.J., and MORRIS, J., concur.