MARTHA S. BLAIR (H. NEAL BLAIR) v. ALBERT FAIRCHILDS AND WIFE, NELL FAIRCHILDS, RUBY TRIVETTE AND JOE WILLIAMS

No. 7424SC987

(Filed 16 April 1975)

1. Boundaries § 8— boundary only in dispute — processioning proceeding

Where the parties stipulated that boundary only was involved, the controversy became in effect a processioning proceeding, and it was therefore the duty of the judge to determine what constituted the divisional line and where it was actually located on the premises.

2. Trial § 6— stipulations — binding effect

Where facts are stipulated, they are deemed established as fully as if determined by the verdict of a jury; a stipulation is a judicial admission, and as such, is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of producing evidence to establish the admitted fact.

3. Boundaries §§ 14, 15— court survey contrary to stipulated boundary — judgment based on court survey erroneous

Where the parties stipulated the beginning point of a boundary line and stipulated the location of the line by metes and bounds, the

trial court erred in admitting testimony by a court appointed surveyor as to a completely different boundary line than that stipulated by the parties and in fixing a boundary line which had been excluded from consideration of the court by the parties' stipulation and one which was contrary to the judicial admission of the parties.

APPEAL by defendants from *Fountain, Judge*. Judgment entered 13 June 1974 in Superior Court, WATAUGA County. Heard in the Court of Appeals 12 February 1975.

Plaintiff instituted this action on the 3rd day of October 1969 claiming ownership of certain lands and that defendants wrongfully and unlawfully trespassed on same and damaged said lands of plaintiff.

The title of said lands was disputed by the defendants. Several motions were made and orders issued in the cause at different terms of court prior to the trial date.

At the June term 1970, the parties entered into a stipulation as to the true boundary line between the lands of the parties, the pertinent part is as follows:

"STIPULATIONS AND ORDER

THIS CAUSE coming on to be heard and being heard before the undersigned Judge Presiding this the 8th day of June, 1970 term of the Superior Court. It appearing to the Court from the allegation set forth in the pleadings that the plaintiff alleges sole ownership of the tract of land described in paragraph 3 of the complaint. That the defendants allege sole ownership of a tract of land described in paragraph 1 of the further answer and defense.

It is now therefore stipulated and agreed by the parties that the two tracts of land aforementioned adjoin along the following line:

Beginning at a white oak on a stone knoll in the forks of the river, thence north 13 degrees east 66 poles crossing the east fork of the river to a white oak, thence north 60 degrees east 64 poles to a black oak, thence north 40 degrees east 70 poles to a white oak, thence, north 5 degrees west 28 poles to a stake in Norton's line.

It is further stipulated and agreed that the location of this line upon the grounds is in dispute. And that in order to determine the true dividing line between the parties, that

a surveyor should be appointed by the Court to go upon the land and make all necessary surveys in accordance with the contentions of the parties to determine the true dividing line upon the grounds.

It is further stipulated and agreed that the surveyor so appointed shall make all necessary maps and plats for a full determination of the issue of the location of the dividing line between the parties. It is further stipulated and decreed that the issue of trespass and damage alleged by the plaintiff shall be delayed until the issue of the location of the true dividing line between the lands of the parties shall have been determined.

Upon the foregoing stipulations it is now therefore ordered that Riddle Engineering Company be appointed to go upon the land and make the survey in accordance with the contentions of the parties, prepare and file with the Court the necessary plats and maps."

The cause was tried as to the issue of the true location of the boundary line before the judge without a jury, and after hearing the evidence judgment was entered in favor of the plaintiff. From said judgment defendants appealed.

*Louis H. Smith and Larry S. Moore, for plaintiff appellee.*

*Holshouser & Lamm, by J. E. Holshouser, Sr., and Eggers & Eggers, by Stacy C. Eggers, Jr., for defendant appellants.*

MARTIN, Judge.

[1] The controversy, by stipulation of the parties that boundary only was involved, became in effect a processioning proceeding. *Harrill v. Taylor,* 247 N.C. 748, 102 S.E. 2d 223 (1958); *Welborn v. Lumber Co.,* 238 N.C. 238, 77 S.E. 2d 612 (1953); *Goodwin v. Greene,* 237 N.C. 244, 74 S.E. 2d 630 (1953); *Clegg v. Canady,* 217 N.C. 433, 8 S.E. 2d 246 (1940); *Napoli v. Philbrick,* 8 N.C. App. 9, 173 S.E. 2d 574 (1970). It was therefore the duty of the judge to determine what constitutes the divisional line, and also as the trier of the facts, to say where it is actually located on the premises. *Coley v. Telephone Co.,* 267 N.C. 701, 149 S.E. 2d 14 (1966); *Andrews v. Andrews,* 252 N.C. 97, 113 S.E. 2d 47 (1960); *Jenkins v. Trantham,* 244 N.C. 422, 94 S.E. 2d 311 (1956); *McCanless v. Ballard,* 222 N.C. 701, 24 S.E. 2d 525 (1943); *Napoli v. Philbrick, supra.* In a pro-

cessioning proceeding title is not involved. The line dividing the properties should be located. *Green v. Barker*, 254 N.C. 603, 119 S.E. 2d 456 (1961); *Welborn v. Lumber Co., supra.*

Referring to a map prepared by the court appointed surveyor, the trial court found that a red line located thereon represented the true boundary line between the property of plaintiff and that of defendants. However, according to the testimony of the court appointed surveyor, the red line commenced at a point contended for by plaintiff but was not run according to the calls in the stipulation.

Defendants argue that the court erred in admitting testimony as to a completely different boundary line than that stipulated by the parties and in finding and decreeing in the judgment a boundary line altogether different from that stipulated by the parties. Plaintiff contends otherwise and further argues that the stipulation merely eliminated the necessity of offering proof of title to the respective tracts of land owned by the parties. According to plaintiff, the sole legal effect of the stipulation was to convert the action into a processioning proceeding and to mandate the preparation of maps by the court appointed surveyor.

[2]   Where facts are stipulated, they are deemed established as fully as if determined by the verdict of a jury. A stipulation is a judicial admission. As such, it is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of producing evidence to established the admitted fact. *Nationwide Homes v. Trust Co.*, 267 N.C. 528, 148 S.E. 2d 693 (1966).

Courts look with favor on stipulations designed to simplify, shorten, or settle litigation and save cost to the parties, and such practice will be encouraged. *Heating Co. v. Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625 (1966).

The plaintiff may have inadvertently stipulated to facts that in effect concede what constitutes the true dividing line. However, plaintiff has made no effort to seek relief from the stipulation. In *R. R. Co. v. Horton* and *R. R. Co. v. Oakley*, 3 N.C. App. 383, 165 S.E. 2d 6 (1969), this Court said:

" 'A party to a stipulation who desires to have it set aside should seek to do so by some direct proceeding, and, ordinarily, such relief may or should be sought by a motion to

set aside the stipulation in the court in which the action is pending, on notice to the opposite party.' 83 C.J.S., Stipulations, § 36, p. 93. 'Application to set aside a stipulation must be seasonably made; delay in asking for relief may defeat the right thereto.' 83 C.J.S., Stipulations, § 36, p. 94."

[3] The stipulation of the parties limited the issue in this controversy to a determination of the correct location of the line which begins "at a white oak on a stone knoll in the forks of the river, thence north 13 degrees east 66 poles crossing the east fork of the river to a white oak, thence north 60 degrees east 64 poles to a black oak, thence north 40 degrees east 70 poles to a white oak, thence, north 5 degrees west 28 poles to a stake in Norton's line." The court made no findings or conclusions as to the location of the *stipulated* beginning point. Nor did the court make any findings or conclusions as to the location of the *stipulated* line. Instead, the court found facts from evidence which tended to establish and locate a line entirely different from that agreed upon in the stipulation.

The judgment fixed a boundary line which had been excluded from consideration of the court by the stipulation and one which was contrary to the judicial admission of the parties. This was error.

The judgment is reversed with directions to adjudicate the controversy consistent with the stipulation.

Reversed.

Judges VAUGHN and ARNOLD concur.