SHELTON W. POYTHRESS v. LIBBEY-OWENS FORD COMPANY

No. 8315SC504

(Filed 17 April 1984)

1. Trial § 6— failure of court to allow plaintiff to "explain" stipulations—no error

In a personal injury action, the plaintiff failed to show an abuse of discretion by the trial court in refusing to allow plaintiff to offer evidence to "explain" certain stipulations where an examination of the record revealed that plaintiff did not move to set aside the stipulations, nor did he show that his attorney was not authorized to enter into such stipulations.

**2. Master and Servant § 87— workers' compensation claim—no right of common law action**

Where plaintiff stipulated that he was an employee of defendant and that the injuries which are the basis of his suit were sustained during the course of his employment, the stipulations when considered in conjunction with G.S. 97-3 and G.S. 97-10.1 clearly showed that defendant was entitled to judgment as a matter of law since the North Carolina Workers' Compensation Act barred plaintiff's recovery for injuries in a common law action.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 15 February 1983 in ALAMANCE County Superior Court. Heard in the Court of Appeals 15 March 1984.

In his complaint, plaintiff alleged that on or about 2 February 1978 plaintiff was injured while on the premises of the defendant; that he was employed by Transpersonnel, Inc., as a long haul truck driver; and that Transpersonnel had contracted his services to defendant Libbey-Owens Ford. Plaintiff's injuries were allegedly caused when plaintiff fell from an aluminum ladder while removing a tarp from a truck plaintiff had driven for defendant. Plaintiff further alleged that the ladder was defective and that the working conditions at defendant's business were unsafe.

Defendant answered denying any negligence and interposing two affirmative defenses. The affirmative defenses were that plaintiff was contributorily negligent, and that an employee-employer relationship existed between the parties which established a bar to recovery under the North Carolina Workers' Compensation Act.

Defendant served interrogatories, and based upon plaintiff's answers, moved for summary judgment on the grounds of contributory negligence. This motion was denied.

A pre-trial order was prepared by the attorney for plaintiff and mailed to defendant's attorney. Defendant then filed another motion for summary judgment. This motion was predicated upon stipulations in the pre-trial order. At the hearing on defendant's motion, plaintiff sought leave of the court to present evidence in opposition to defendant's motion and to explain the stipulations relied upon by defendant. The motion to present evidence was denied, and based upon the pre-trial stipulations, the trial court entered summary judgment in favor of defendant. From the entry of judgment, plaintiff appealed.

*Messick, Messick & Messick, by T. Paul Messick, Jr., for plaintiff.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, P.A., by Joseph F. Brotherton, for defendant.*

WELLS, Judge.

Plaintiff's counsel prepared a proposed pre-trial order with a number of stipulations. This order was signed by counsel for both parties and ordered filed by the court. The order contained the following stipulations pertinent to this appeal:

. . .

(3) In addition to the other stipulations contained herein, the parties hereto stipulate and agree as to the following uncontroverted facts:

a. That on February 2, 1978, the Plaintiff, Shelton W. Poythress, was employed as a tractor-trailer driver by the Defendant, Libbey-Owens Ford Company, that at said time the Plaintiff had been employed by the Defendant for approximately eleven months, and that the Plaintiff drove a tractor-trailer truck leased by, or owned by, the Defendant.

b. That as part of the Plaintiff's duties as an employee of the Defendant, the Plaintiff was required to drive a tractor-trailer truck transporting products of the Defendant, and that the Plaintiff drove a tractor that pulled an open-top trailer covered with a canvas tarpaulin.

c. That the Plaintiff had additional employment duties with the Defendant, which additional duties included the preparation of the tractor-trailer unit for either loading or unloading of products to be transported.

d. That the preparation of the tractor-trailer unit for loading and unloading involved the covering and uncovering of the trailer unit by the Plaintiff with a canvas tarpaulin, and that the covering and uncovering of said trailer unit was performed by the Plaintiff with tools provided for Plaintiff's use by the Defendant.

e. That the open-top trailer driven by the Plaintiff for the Defendant has a height in excess of ten feet.

f. That at the Defendant's Laurinburg Plant, the Plaintiff was provided by the Defendant with aluminum ladders with which to perform his duties of removing and replacing the canvas tarpaulin.

g. That in the course of his employment duties with the Defendant, while using an aluminum ladder to remove the canvas tarpaulin from the open-top trailer the Plaintiff fell.

[1]  In his first assignment of error plaintiff contends that the trial court erred by refusing to allow plaintiff to offer evidence to "explain" the stipulations. Plaintiff argues the trial court abused its discretion in refusing to hear such evidence. In *Thomas v. Poole*, 54 N.C. App. 239, 282 S.E. 2d 515 (1981), *disc. rev. denied*, 304 N.C. 733, 287 S.E. 2d 902 (1982), Judge Clark writing for this Court stated:

> The courts in this State look with favor upon stipulations designed to simplify, shorten or settle litigation and save costs to the parties. . . . Parties may establish by stipulation any material fact that has been in controversy between them. Where the stipulations of plaintiff and defendant have been entered of record, and there is no contention that the attorney for either party was not authorized to make such stipulations, the parties are bound and cannot take a position inconsistent with the stipulations. . . . Where facts are stipulated, they are deemed established as fully as if determined by a jury verdict. The stipulations are judicial admissions and therefore binding in every sense, preventing the party who agreed to the stipulation from introducing evidence to dispute it and relieving the other party of the necessity of producing evidence to establish an admitted fact. . . . (Citations omitted.)

An examination of the record reveals that plaintiff did not make a motion to set aside the stipulations, *see Blair v. Fairchilds*, 25 N.C. App. 416, 213 S.E. 2d 428, *cert. denied*, 287 N.C. 464, 215 S.E. 2d 622 (1975), nor was there any showing that plaintiff's attorney was not authorized to enter into such a stipulation.

In the absence of such showings we are unable to find any error or abuse of discretion by Judge Preston. The stipulations are clear and unambiguous. The extrinsic evidence which plaintiff sought to introduce to "explain" them was in effect a contradiction of the stipulations. This is not allowed. The assignment of error is overruled.

[2]  By his second assignment of error, plaintiff contends the trial court erred by allowing the defendant's second motion for summary judgment because there were genuine issues of material fact to be decided in the action. N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure directs that a motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

We have previously determined that plaintiff is bound by the stipulations entered into by his attorney in the pre-trial order. As a part of those stipulations plaintiff agreed that he was an employee of defendant and that the injuries which are the basis of this suit were sustained during the course of his employment. N.C. Gen. Stat. § 97-3 (1979) in pertinent part provides:

> From and after January 1, 1975, every employer and employee . . . shall be presumed to have accepted the provisions of this Article respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of his employment and shall be bound thereby.

N.C. Gen. Stat. § 97-10.1 (1979) in pertinent part provides:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee . . . shall exclude all other rights . . . of the employee . . . as against the employer at common law or otherwise on account of such injury or death.

The stipulations when considered in conjunction with these statutes clearly show that defendant is entitled to judgment as a matter of law. The assignment of error is overruled.

Having determined that the trial court properly refused to allow plaintiff to offer extrinsic evidence to attack the stipulations, and having further determined that the valid stipulations show facts which would bar plaintiff from recovery, we hold that the trial court's order granting summary judgment for the defendant must be and is, hereby,

Affirmed.

Judges HEDRICK and WHICHARD concur.