DAVID NELSON YOUNG, Plaintiff v. CYNTHIA THARP YOUNG, Defendant

No. COA98-779

(Filed 18 May 1999)

**Divorce— equitable distribution—listing of marital debts— local rules—stipulation**

Plaintiff made stipulations in an equitable distribution action which relieved defendant of the burden of proving that certain credit card debts were marital where a form was filed according to local rules (Fifth Judicial District) which listed debts but did not contain any objection, amendment, or supplement by plaintiff to defendant's classification of the credit card debts even though the form contained a column for that purpose. Under the applicable local rules, a party has affirmatively represented that he does not dispute the initiating party's listing where no objections, amendments, or supplements are made. The trial court may treat this affirmative representation as a stipulation.

Appeal by plaintiff from judgment filed 14 November 1997 by Judge J.H. Corpening, II in New Hanover County District Court. Heard in the Court of Appeals 27 April 1999.

*Ralph S. Pennington for plaintiff-appellant.*

*Johnson & Lambeth, by Carter T. Lambeth, for defendant-appellee.*

GREENE, Judge.

David Nelson Young (Plaintiff) appeals from the equitable distribution judgment of the trial court.

Plaintiff and Cynthia Tharp Young (Defendant) married 4 September 1987, separated 15 May 1995, and divorced 26 July 1996. The parties' record on appeal contains a form titled "SCHEDULE A." This form, promulgated pursuant to local rules of the Fifth Judicial District (the district in which this case was tried), is a chart with columns for listing: the parties' property; each party's respective contentions as to whether the listed property is marital, separate, or mixed; and each party's respective contentions as to the value of the listed property on the date of separation and at trial. Also included in the record is a form, likewise promulgated pursuant to local rules,

titled "SCHEDULE D." This form is a chart with columns for listing: the parties' debts; each party's respective contentions as to whether the debt is marital, separate, or mixed; and each party's contentions as to the balance of the debt on the date of separation and at trial. Schedule D lists, among other debts, a "Colonial National Bank Credit Card," an "MBNA Mastercard," a "Chevy Chase Mastercard," and a "VISA." Defendant contended, on this Schedule D, that these credit cards constitute marital debts. Schedule D does not contain any objection, amendment, or supplement by Plaintiff to Defendant's classification of these credit card debts.

A hearing was held on the disputed issues on 18 August 1997. The transcript reveals that the parties and the trial court relied on Schedule A and Schedule D throughout the proceedings and addressed the disputed items listed therein. The trial court subsequently entered an equitable distribution judgment in which it found the "Colonial National Bank Card," the "MBNA MasterCard," the "Chevy Chase MasterCard," and the "Visa Card" to be marital debts. The trial court "conclude[d] that an equal division of marital property is not equitable and an unequal division of property is equitable," divided the marital assets and debts accordingly, and ordered Defendant to make a distributive award in the amount of $17,500.00 to Plaintiff.

The issue is whether Plaintiff made stipulations which relieved Defendant of her burden of proving certain credit card debts were marital.

The General Assembly has authorized our Supreme Court to promulgate rules of practice and procedure for the superior and district courts. N.C.G.S. § 7A-34 (1995). Pursuant to this authority, our Supreme Court requires the Senior Resident Judge and Chief District Judge in each judicial district to "take appropriate actions [such as the promulgation of local rules] to insure prompt disposition of any pending motions or other matters necessary to move the cases toward a conclusion." *Gen. R. Pract. Super. and Dist. Ct.* 2(d), 1999 Ann. R. N.C. 2; *see also* N.C.G.S. § 7A-146 (1995) (non-exclusive listing of the powers and duties of the Chief District Judge). "Wide discretion should be afforded in [the] application [of local rules] so long as a proper regard is given to their purpose." *Lomax v. Shaw*, 101 N.C. App. 560, 563, 400 S.E.2d 97, 98 (1991) (applying local superior court rules) (quoting *Forman & Zuckerman v. Schupak*, 38 N.C. App. 17, 21, 247 S.E.2d 266, 269 (1978)); *McDonald v. Taylor*, 106

N.C. App. 18, 21, 415 S.E.2d 81, 83 (1992) (applying local district court rules).

Local rules for the New Hanover County District Court require adherence to certain "mandatory discovery procedures" upon a request by any party for equitable distribution. Fifth Judicial District, New Hanover County District Court Local Rules, Rule 6.[1] These mandatory discovery procedures include:

> The party requesting an equitable distribution of property (hereafter referred to as the initiating party) shall, **within 30 days** of the filing of the request, . . . deliver to the opposing party a comprehensive listing of the property, both separate and marital, known by the initiating party to exist as of the date of separation. This listing need contain no values, but must state whether it is contended that the property is separate or marital or mixed. The contention as to how the property should be classified is not binding upon the [initiating] party and does not constitute an admission.

> Within **60 days following receipt** of the Property List from the initiating party, the responding party shall, using the list received, complete and serve upon the initiating party a single listing which adopts, amends, or supplements the listing received from the initiating party. This listing, again, need contain no values, but must reflect a non-binding contention as to whether each item is separate, marital or mixed. *A failure to [adopt, amend, or supplement the initiating party's listing] shall constitute an admission and an affirmative representation that the list as served is exhaustive and accurate.* The responding party as well as the initiating party is under an affirmative duty to disclose all property about which the court should be aware to classify and equitably distribute all marital property.

> . . . .

> This procedure should produce **a single Property List** . . . . *This list may [thereafter] be supplemented only upon the discovery of additional property which was not known and which with the exercise of reasonable diligence could not have been discovered at the time the final list was produced.*

---

1. The appendix to the local rules for New Hanover County District Court contains "Forms and Schedules for Equitable Distribution." Included among these forms and schedules are Schedule A and Schedule D.

*Id.* (italics added). It follows that, where no objections, amendments, or supplements are made by the responding party, he has affirmatively represented that he does not dispute the initiating party's listing. The trial court may treat this affirmative representation as a stipulation that the initiating party's listing is undisputed.

A stipulation is a judicial admission. *Blair v. Fairchilds,* 25 N.C. App. 416, 419, 213 S.E.2d· 428, 431, *cert. denied,* 287 N.C. 464, 215 S.E.2d 622 (1975); *O'Carroll v. Texasgulf, Inc.,* 132 N.C. App. 307, ——, 511 S.E.2d 313, 319 (1999) (noting that a stipulation is an "agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys"). "As such, it is binding.in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of producing evidence to establish[] the admitted fact." *Blair,* 25 N.C. App. at 419, 213 S.E.2d at 431 (noting that "[c]ourts look with favor on stipulations designed to simplify, shorten, or settle litigation and save cost to the parties"). Accordingly, where the initiating party's listing is undisputed, the trial court need not hear evidence either to prove or disprove that listing.

In this case, the parties submitted their Schedule A and Schedule D to the trial court at the equitable distribution hearing. Schedule D lists the credit card debts Plaintiff now contests. Schedule D reveals no objection, amendment, or supplement by Plaintiff to Defendant's classification of these credit card debts as marital. It follows that Plaintiff has made an "affirmative representation," or stipulation, that these debts are marital.[2] Accordingly, Defendant was relieved of the necessity of producing evidence to establish that these credit card debts are marital.

We have thoroughly reviewed Plaintiff's remaining contentions and find them unpersuasive.

Affirmed.

Judges MARTIN and McGEE concur.

---

2. Although a party may seek to have a stipulation set aside, *see Lowery v. Locklear Construction,* 132 N.C. App. 510, 512 S.E.2d 477 (1999), Plaintiff has not done so in this case.